(54 App. Div. 252.)

### KUECKEL v. RYDER et al.

(Supreme Court, Appellate Division, First Department.    November 9, 1900.)

1. MASTER AND SERVANT—LIABILITY FOR ACTS OF INDEPENDENT CONTRACTORS.
    Defendants had a quantity of paper in store on the second floor of a warehouse not belonging to them. It became necessary to move such paper from the second to the fourth floor of the warehouse, and they employed a truckman, giving him merely an order to remove the paper. The truckman employed other men, paid them for their labor, and, when the work was finished, sent the total bill to defendants. There was no evidence that defendants gave any instructions concerning the way in which the paper was to be moved, or exercised any other superintendence. Plaintiff was at work on the lower floor of the warehouse, under a hatchway closed at the second story by a trapdoor. While the paper was being hoisted from the second to the fourth floor, a mass of it fell and broke through the hatchway under which plaintiff was working, and seriously injured him. The fall of the paper was the result of negligence on the part of the person employed to move it. *Held*, that the relation of master and servant did not exist between defendants and the truckman, and that they were not liable for his negligence.

2. SAME—LIABILITY FOR ACTS OF INDEPENDENT CONTRACTOR.  ·
    Where a person has labor to be performed which requires judgment and skill, and not mere physical strength, and gives such labor in charge to another, competent to perform it, over whom he exercises no supervision either as to the manner in which he shall do the work, or as to the men employed by him, such person is not liable for the negligence of the other, or negligence of those in his employ.
    Rumsey and McLaughlin, JJ., dissenting.

Appeal from trial term, New York county.

Action by Frank Kueckel against Edgar S. Ryder and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Edward P. Lyon, for appellant. ·
Robert Thorne, for respondents.

PATTERSON, J.    This action was brought to recover damages for personal injuries which it is alleged in the complaint were sustained by the plaintiff through the negligent acts of the defendants' servants.    The principal defense, and the only one requiring consideration upon this appeal, is that the persons through whose negligence the plaintiff was injured were not servants of the defendants, but were those of an independent contractor, who was employed by the defendants to do certain work, and over whom they had no control or direction in the performance of that work.    On the trial of the action the complaint was dismissed on the ground that the

relation of master and servant was not established between the defendants and the persons whose negligence caused the injury of which the plaintiff complains. The evidence established the following facts, viz.: The defendants were paper merchants carrying on business in the city of New York. They had on storage, on the second floor of a warehouse which did not belong to them, a quantity of paper, which it became necessary for them to have moved from the second to the fourth floor of the same warehouse. In order to accomplish that purpose, they employed one O'Connor, giving him merely an order to remove the paper. O'Connor was a truckman, and he employed other men to assist in moving the paper, paid them for their labor, and, after the work was finished, sent his bill to the defendants, who paid it. There is no evidence that the defendants, or either of them, gave any instructions or directions concerning the manner in which the paper was to be moved, or that they had any other relation to the subject than the employment of O'Connor to do the moving. The plaintiff was a carpenter at work in the lower hall of the warehouse, immediately under a hatchway which was closed at the second story by a cover or trapdoor. The paper was moved from the second to the fourth floor by being lifted in a sling and hoisted by machinery of some kind. While O'Connor and his men were in the performance of this work, a mass of paper fell out of the sling, broke through the cover of the hatchway under which the plaintiff was working, and fell upon and seriously injured him. The evidence tends to show that the fall of the paper was the result of negligence. On this evidence, the court below held that the relation of master and servant did not exist between the defendants and those who were engaged in the work of moving the paper.

The question whether it was properly held, as matter of law, that O'Connor and his men were not the servants of the defendants, is a close one; but under the definitions of an "independent contractor," as given in adjudicated cases and the authorities upon the subject, we are of the opinion that the ruling of the court below was right. Undoubtedly one cannot shield himself under the doctrine of independent contractors by simply employing another person, and giving him a general authority to procure others to assist in work which requires no care or skill or experience, but which is merely such as might be done by any person with sufficient physical strength. In this case, however, it would appear that the removal of this paper from one floor to another, through hatchways, and by means of the use of appliances adapted to that purpose, was something that required the exercise of judgment, and that it was work that ought to be intrusted to competent persons. O'Connor was a truckman, and had been previously employed by the defendants in moving paper, and, although he never before had been employed by them specifically to move merchandise from one part of the building to another, and did not use trucks on this occasion, yet he was accustomed to moving paper from one place to another for the defendants. The evidence sustains the view that in the employment of O'Connor the defendants selected a competent

person, who, without any direction or interference by the defendants, had charge of the work in removing this merchandise with machinery and appliances apparently on the premises, and over which, and the method of using which, the defendants had no control. It is said in Hexamer v. Webb, 101 N. Y. 383, 4 N. E. 755, in substance, that where a person is employed to perform work which requires the exercise of skill and judgment, and the execution of it is left entirely to his discretion, with no restriction as to its exercise, and no limitation as to the authority conferred, and the compensation is dependent upon the value of the services, such a person does not occupy the relation of a servant under the control of a master, but is an independent contractor, and the owner is not liable for his acts, or the acts of his workmen, who are negligent and cause injury to another. It is true that that was a case of a contract connected with a building, but the principle is the same in this case. Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017, was a case in which a staging or scaffolding was unskillfully built by a person who was employed for that purpose by the defendants. In an action to recover damages for the death of a workman, caused by the breaking of an unsafe plank which had been used in the scaffolding, it was shown that the defendants had made a contract with one Kenovan, which included the erection of the staging or scaffolding, and that he was paid therefor. It was held that, while the persons who erected this staging were employed by the defendants, they were not, in a legal sense, their servants; that one may be employed without being a servant, and have an employer who nevertheless is not a master; and that the relation of master and servant must exist, in order to maintain an action of this character. King v. Railroad Co., 66 N. Y. 181. That seems to be the situation in the case at bar. O'Connor was employed to do this work, which, as stated above, did require judgment and skill, and was not mere manual labor. The defendants giving this contract to O'Connor had no control over the men whom he employed, to remove or discharge them, and could issue no effective orders as to the method and manner of doing the work. As in the Butler Case, they owed the separate workmen no separate wages, and no wages as such. Their liability was to O'Connor for the contract price, and, as Judge Finch said in the last case cited, "how much of that was payable to each member of the gang, the defendants could not know, or in any manner determine." The instructions to the men engaged in the work at the time the accident occurred appear to have been given by O'Connor. One of the witnesses testified that: He and O'Connor slung the paper into the sling, and then went upstairs with two other men,—some to the fourth floor, O'Connor on the floor below (the third), and the witness remaining on the second floor. Then direction was given to hoist. As soon as the paper was high enough, the witness was notified. Then he tended the check rope (that is, the brake); and when the men above were ready to pull in the guy, to slack it, they shouted, "Slack up," and, that being done, the men above pulled the paper in. That was the process by which the paper

was moved, and all this shows that something more than mere physical strength was required in the performance of this work.

We are of opinion that in this case the relation of master and servant, which must exist, to render a person liable for the negligence of another, was not shown; that the defendants contracted for the work with a person who was apparently competent to perform it; that the negligence which resulted in the injury to the plaintiff was the negligence of the independent contractor, or some one in his employ; and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concur. RUMSEY and McLAUGHLIN, JJ., dissent.