MARY LOUGHRAIN, as Executrix, etc., of PETER LOUGHRAIN, Deceased, Respondent, *v.* THE AUTOPHONE COMPANY, Appellant.

*Negligence — injury to a truckman by reason of his horse being frightened by a box falling, while being lowered, into his wagon — a question is presented for the jury — effect of the horse not being fastened — the person lowering the box is not a fellow-servant of the truckman.*

In an action to recover damages for personal injuries, it appeared that the plaintiff was a truckman who had entered into a contract with the defendant, a manufacturing corporation, by which he agreed to transport freight from the defendant's factory to the freight office and from the freight office to the defendant's factory for a specified sum per year; that the freight delivered to the plaintiff at the defendant's factory was usually lowered to him from an upper window by means of a rope and pulley; that on the occasion of the accident, while the plaintiff was standing in his wagon for the purpose of receiving a number of boxes which were being lowered to him and of guiding them into the proper places in the wagon, the boxes fell, owing to the fact that they had not been securely fastened; that they did not strike the plaintiff in their fall, but frightened the plaintiff's horse, which was not fastened, and caused him to run away, throwing the plaintiff out of the wagon and injuring him.

*Held,* that the questions of the defendant's negligence and of the plaintiff's freedom from contributory negligence were properly submitted to the jury and that a judgment entered upon a verdict in favor of the plaintiff should be affirmed;

That, as the horse was a kind and gentle one and the lines were within easy reach of the plaintiff and could easily be caught by him except for the sudden jump of the horse, it could not be said that the plaintiff's failure to hitch the horse constituted negligence as a matter of law;

That the servant of the defendant whose negligence caused the boxes to fall was not a fellow-servant of the plaintiff.

APPEAL by the defendant, The Autophone Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 16th day of December, 1901, upon the verdict of a jury for $850, and also from an order entered in said clerk's office on the 16th day of December, 1901, denying the defendant's motion for a new trial made upon the minutes.

This action was originally brought by Peter Loughrain against the defendant for damages claimed to have been caused by the defendant's negligence. Since the trial the plaintiff has died, and his

executrix has been substituted as plaintiff in the action. Defendant is a manufacturing corporation, manufacturing musical instruments in the city of Ithaca. Plaintiff's intestate was a truckman or baggage expressman doing odd jobs around the said city in the line of his calling. For many years he transported between the defendant's factory and the railroad freight office most if not all of the defendant's light freight, and was paid therefor by the piece. About two years before the happening of the accident which is the cause of the action, he entered into a contract with the defendant, whereby it agreed to pay him $200 a year for the transportation of its light freight from the factory to the freight office, and from the freight office to the factory. Upon the 23d day of August, 1900, pursuant to his custom he called at the defendant's factory for freight. This freight was usually delivered to him from an upper window from which it was lowered by means of a rope and pulley. Upon the day in question in lowering the freight the boxes were not securely fastened, so that they fell. In the fall the boxes did not strike the plaintiff's intestate, but frightened his horse, causing the horse to ran away, throwing the plaintiff out of the wagon and causing the injuries for which suit is here brought. The answer of the defendant denies the negligence of its servants, alleges contributory negligence on the part of the plaintiff, and alleges that the injury was caused by the negligence of a co-employee. Further facts appear in the opinion.

*Myron N. Tompkins,* for the appellant.

*P. F. McAllister,* for the respondent.

SMITH, J. :

We are of the opinion that the trial court correctly submitted to the jury the question of negligence upon the part both of the plaintiff and of the defendant. The fact that the boxes were so insecurely fastened that they fell is sufficient evidence of the negligence of the defendant to warrant the submission of that fact to the determination of the jury. The plaintiff was standing in his wagon, as he had been accustomed to do, for the purpose of receiving the boxes as they were lowered and of guiding them into the proper places in the wagon. That the horse was not hitched was not negligence as a

matter of law, as the horse was a kind one with which plaintiff's intestate had had no difficulty theretofore, and, moreover, the lines were within easy reach of plaintiff's intestate and could easily be caught by him except for the sudden jump of the horse, which he might well have failed to anticipate. There is no such preponderance of evidence, therefore, on the part of the defendant upon either question as would justify us in disturbing the verdict of the jury.

The more important question in the case arises upon the defense that the injury was caused by the negligence of a co-employee of plaintiff's intestate. It is claimed that, in the act of transporting the defendant's freight back and forth, the plaintiff's intestate was the defendant's servant, and, inasmuch as the negligence which caused the injury was the negligence of another servant, that the plaintiff assumed the risk of such negligence and has no cause of complaint against the defendant. It will hardly be claimed that if the plaintiff's intestate had upon a single retainer taken the freight from the defendant's factory to the station he would thereby become a servant of the defendant. His relation would be simply a contract relation for this specific purpose, which would have in it none of the elements which attach to the relation of master and servant. (*Murray* v. *Dwight*, 161 N. Y. 301.) It is very clear that in such a case the defendant would not be liable for his negligence in driving to and from the freight office. He was a common carrier and would be engaged in his business as a common carrier and not as defendant's servant. We are unable to see how the legal relation is changed by the fact that he was frequently employed, or by the fact that for such service he was to receive a gross sum, and was not paid by the piece, as was the original custom. He was at the time of the accident a common carrier, transporting light baggage and freight for any one who might call upon him therefor, and was not in our judgment a servant of the defendant, either to impose upon the defendant any liability for the acts of its servants or to save it from liability by reason of the assumed risk of the negligence of a co-employee. The case was fairly and properly submitted to the jury, and we are unable to find any reason for disturbing their conclusion.

Judgment and order unanimously affirmed, with costs.