(152 App. Div. 570.)

### HOPKINS v. EMPIRE ENGINEERING CO.

(Supreme Court, Appellate Division, Third Department. September 11, 1912.)

MASTER AND SERVANT (§ 316*)—SERVANT OR INDEPENDENT CONTRACTOR.

    A teamster employed by defendant to bring back with his team on his return from a trip to town a load of freight, without any direction or control by defendant as to method of loading or otherwise, was an independent contractor, and not a servant of defendant; so that it was not liable for injury to another from his negligence in loading.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1242, 1243; Dec. Dig. § 316.*]

Appeal from Trial Term, Fulton County.

Action by Margaret Hopkins, administratrix of William H. Hopkins, deceased, against the Empire Engineering Company. From a judgment on a nonsuit, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Eugene D. Scribner, of Gloversville, for appellant.

Fred Linus Carroll, of Johnstown, for respondent.

LYON, J. This action was brought to recover damages on account of the death of plaintiff's intestate, who was the head brakeman upon a freight train, caused by his head coming in contact with a plank which a teamster, engaged in unloading a car standing upon a siding, had placed across the top of a gondola car, allowing the ends of the plank to project so far over the edge of the gondola as to strike the plaintiff's intestate, who stood at the end of a freight car which was being moved along the main track. A motion having been made at the close of the trial for a nonsuit, the court, pending the decision of the motion, pursuant to section 1187 of the Code of Civil Procedure, and without objection, submitted four questions of fact to the jury, as follows: Whether one Everest employed Clark to unload freight from the gondola; whether defendant was negligent, causing the death of plaintiff's intestate; whether deceased was guilty of contributory negligence; and what amount of damages had been sustained by reason of the death of plaintiff's intestate. The jury answered all the questions favorably to plaintiff, fixing the damages at $6,400. Subsequently to the rendition of the verdict the court granted the motion for a nonsuit, and from the order entered therefor and the judgment for costs entered thereon this appeal has been taken.

At the time of the death of plaintiff's intestate, the defendant was engaged as a contractor in constructing a dam several miles from the city of Johnstown, from which place, as the nearest railroad point, freight used in connection with such construction had to be drawn to the work. According to the most favorable construction to be given to the evidence upon the part of the plaintiff, Everest, who, representing defendant, had charge of the unloading of cars and the drawing of such freight and the hiring of teams therefor, told the teamster, who was practically the owner of the team, wagon, and harness, and who was going to Johnstown the next day for the purpose of returning a wagon which belonged to another person, and of getting his wagon which was there, and who applied to Everest for a load to haul back, that he might bring back a load of any freight belonging to defendant which he might find at Johnstown, without specifying from what place it should be taken. Thereupon the teamster, with the assistance of his nephew, who went to Johnstown with him, and two bystanders, undertook to transfer some dummy cars, belonging to defendant, from a gondola car to his wagon, in doing which, under the advice of a bystander, the teamster placed crosswise of the gondola the plank which struck plaintiff's intestate. After the accident, men in the employ of one Behlin, who during the forenoon had been engaged in transferring dummy cars from the gondola to other wagons, assisted the teamster in loading, after which he delivered the load at the dam, and the defendant paid Dorn, the vendor of the team, for

the benefit of the teamster, $5, which was the going price for a man with team drawing a heavy load of freight from Johnstown to the dam; any billed freight being paid for by the hundred pounds.

According to the evidence upon the part of the defendant, Everest told the teamster, who said he did not want to come back empty, that he might bring back from Johnstown any light freight which might be in the freighthouse, but not to take any freight from a car, as Behlin had the contract for unloading all freight from cars, and would himself draw the freight to the dam. The only question requiring consideration is whether the plaintiff was entitled to have the case submitted to the jury, assuming the facts to be as proven by her, because, if she could not recover under such state of facts, she could not recover at all. The decision of this question depends upon whether the teamster was the servant of the defendant or was an independent contractor. From the evidence it appears that the teamster had purchased the team of Dorn and was working out with the team, wagon, and harness by the day and by the job, and that the moneys earned by the teamster were being paid to Dorn, and were being applied by him in paying for the feed for the team and the living expenses of the teamster's family, and crediting the balance upon the purchase price of the team. It also appears that for a period shortly preceding the day of the accident he had been working for the defendant about the dam, and on the day preceding the accident he had been working for Dorn drawing gravel, while on the day of the accident he was using a portion of the day for his own purposes, and was drawing a load of freight for the defendant free from any directions or control whatever by the defendant, as to the method of loading or otherwise. It seems to me that, under these circumstances, the teamster cannot be said to have been the servant of the defendant in unloading and drawing the load of freight from Johnstown to the dam, but that in doing so he was exercising an independent calling.

In the following cases it was held that the teamster was the servant of the defendant: Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. Supp. 1079; affirmed 171 N. Y. 677, 64 N. E. 1118, where the driver of a man, bearing defendant's name on a strip of cloth, hired to defendants for two weeks at a daily specified price, was used by defendants in delivering goods to their customers under direction from defendants' superintendent, who exercised general power of control over the drivers. Muldoon v. City Fireproofing Co., 134 App. Div. 453, 119 N. Y. Supp. 320, where a truckman placed himself, his team, and wagon at the disposal of the defendant, who loaded his wagon with such material as it saw fit, and directed that it be transported and delivered as it saw fit.

In the following cases it was held that the teamster was not the servant of the defendant, but was exercising an independent calling: Loughrain v. Autophone Co., 77 App. Div. 542, 78 N. Y. Supp. 919, where a truckman was transporting freight between defendant's factory and the freighthouse under a yearly contract. Kueckel v. Ryder, 54 App. Div. 252, 66 N. Y. Supp. 522; affirmed, 170 N. Y. 562, 62 N. E. 1096, where a truckman employed to move paper from the sec-

ond to the fourth floor of a warehouse, being given no instructions by the merchants concerning the manner of performance, employed other men to assist him, paid them for their labor, and sent his bill to the merchants; it being held that the truckman was an independent contractor and not the servant of the merchants, and that the merchants were not liable for the negligence of the truckman in allowing rolls of paper to fall and injure a person employed upon a lower floor. Murray v. Dwight, 161 N. Y. 301, 55 N. E. 901, 48 L. R. A. 673, where special services were rendered by one exercising an independent and quasi public employment in the nature of a common carrier, such as a truckman engaged in hoisting goods from the lower to the upper floor of a building, it being held that the latter was not the servant of the employer, although the work of moving the goods was under the direction of defendant's foreman. In the opinion the court says:

A servant is one who is employed to render personal services to his employer otherwise than in the pursuit of an independent calling. The truckman who transports the traveler's baggage or the merchant's goods to the railroad station, though hired and paid for the service by the owner of the baggage or goods, is not the servant of the person who thus employs him."

In Kellogg v. Church Foundation, 203 N. Y. 191, 96 N. E. 406, where the driver of an ambulance owned by the defendant and bearing the name of its hospital was kept at a livery stable, the proprietor of which furnished a horse to draw the ambulance and a man to drive it on such occasions as defendant might indicate, subject to the directions of the surgeon in charge, the driver being hired and paid by the livery stable keeper, who alone had power to hire and discharge him. Had an individual employed the teamster to carry him from Johnstown to the dam, the person being transported exercising no authority over the teamster and giving no directions, it could hardly be held that a person run over on the trip would have a right of action against the passenger upon the ground that the relation of master and servant existed between the passenger and the driver, and much less could it be held that such relation existed between the owner of property being transported and the driver. While it is at times difficult to distinguish between the relation of servant and that of a person exercising an independent calling, yet as was said in King v. N. Y. C. & H. R. R. R. Co., 66 N. Y. 181, 23 Am. Rep. 37:

"But it is not enough, in order to establish a liability of one person for the negligence of another, to show that the person whose negligence caused the injury was at the time acting under an employment by the person who is sought to be charged. It must be shown, in addition, that the employment created the relation of master and servant between them."

This burden of proof I do not think the plaintiff has sustained, and hence that the nonsuit was properly granted.

Judgment unanimously affirmed with costs.