ALMA HOOVER, Appellee, v. OSCAR J. HAGGARD, et al., Appellants.

No. 42705.

MAY 7, 1935.

Charles S. White, Hal W. Byers and Putnam, Putnam, Langdon & Fillmore, for appellants.

Graham & Graham and E. A. Wissler, for appellee.

Donecan, J.—The accident out of which this action arose happened about four miles east of Carroll on paved highway No. 30 about noon on the 5th day of December, 1931. The plaintiff, Alma Hoover, was riding eastward on the said highway in a Pontiac sedan owned and driven by her husband. A few feet west of the point where the accident occurred there was a gasoline filling station on the north side of the highway, with sufficient space between the pavement and the station so that automobiles could leave the pavement and be serviced without interfering with traffic. A few feet east of the filling station there was a gate on the north side of the highway opening onto a driveway which led into the premises of a man named Augustine, who operated the filling station. As plaintiff and her husband approached the filling station, a truck, driven by a son of the owner of the station and in which there were two other persons, preceded them, also going east on the highway. When this truck came to a point about opposite the gate leading into the Augustine premises, it was turned to the northward for the purpose of entering the gate. It appears that there was a curb along the north edge of the paved portion of the highway at this point, and that both the pavement and the curb were covered with a coat of sleet or ice. When the left front wheel of the truck struck the curb on the north side of the pavement, instead of going over the curb and into the driveway, the truck slid along the curb four or five feet to the eastward, where it was brought to a stop with the rear of the truck extending out toward and possibly a little beyond the center of the paved portion of the highway. The truck was brought to a stop, and the two men who were in it with the driver had either got out, or were about to get out, in order to try to push it over the curb, when a Hup sedan owned by the defendant Mrs. Oscar Haggard, and driven by her husband, Oscar J. Haggard, approached from the east on the north side of the pavement. When the Hup sedan reached a point somewhere near the front portion of the truck, it came into collision with the Pontiac sedan in which plaintiff was riding, and the Pontiac sedan went off the paved portion of the road and into the ditch. As a result of the collision,

the plaintiff sustained a fracture of her wrist and other injuries, and the Pontiac sedan was badly damaged.

Plaintiff brought action based on negligence against the defendant Oscar J. Haggard, who was driving the Hup sedan, and against Mrs. Oscar J. Haggard, the owner thereof, in two counts. In count 1 she asked for personal injuries sustained by her, and in count 2 she asked damages for the loss sustained by her husband because of the injuries to his car, the claim for which had been assigned to her. In their answer the defendants denied all allegations of both counts of the petition not expressly admitted; they admitted the happening of the accident on the date alleged, but expressly denied that the accident was due to any negligence on the part of the defendants, or either of them; and they alleged that the conduct of the driver of a truck at the time and place of the accident constituted the sole and proximate cause thereof. The defendants further alleged that the plaintiff, Alma Hoover, and her assignor, H. N. Hoover, were guilty of contributory negligence, in that the driver failed to have the same under control; failed to drive so as to be able to stop within the assured clear distance ahead; failed to keep proper lookout; failed to yield to the defendants one-half of the traveled way by turning to the right; and failed to turn to the right to avoid the collision, when, in the exercise of ordinary care, he could have done so. Upon the trial of the case, defendants made a motion for a directed verdict at the close of all the evidence, which was overruled. The case was submitted to a jury and a verdict returned in favor of the plaintiff, upon which judgment was entered. Defendants filed motion for new trial and exceptions to instructions, which were also overruled. From the judgment and rulings of the court the defendants appeal.

I. Appellants' first error relied upon for reversal complains of the court's order overruling the defendants' motion for a directed verdict. We have examined the record, and are satisfied that there was ample evidence presented to make a question for the determination of the jury, and that there was no error on the part of the trial court in overruling the motion for a directed verdict.

II. In their answer the defendants alleged that the plaintiff and H. N. Hoover, the driver of the car in which she was riding, were guilty of contributory negligence, in that the driver of such car failed to have said car under control, failed to drive so as to be able to stop within the assured clear distance ahead, and failed

to yield to the defendants one-half of the traveled way by turning to the right. The defendants requested instructions telling the jury that it is the duty of persons driving automobiles, when meeting each other on public highways, to yield one-half of the traveled way by turning to the right; not to drive at a speed greater than will permit the driver to stop within the assured clear distance ahead; and that persons operating motor vehicles on the highway shall have the same under control; and that the defendant Oscar J. Haggard had a right to assume that the driver of the car in which plaintiff was riding would perform the duties thus imposed on him, until he knew, or, in the exercise of ordinary care, should have known, otherwise. These requested instructions were refused by the court, and no instruction involving the defendant driver's right to rely upon the observance of the laws and rules of the road by the driver of plaintiff's car, in respect to the matters above referred to, was given to the jury. Defendants allege error in the failure to give such requested instructions or to otherwise instruct in regard to the matters referred to therein.

From an examination of the record, we fail to find any evidence that the driver of the Hoover car was at any time on the north or left half of the paved portion of the highway, and, in the absence of such evidence, there was no error in failing to instruct in this regard. There was evidence, however, tending to support appellants' allegations that the car in which appellee was riding was being driven at a higher rate of speed than would enable it to be brought to a stop within the assured clear distance ahead, and that the driver of such car failed to have it under control; and, in refusing to give requested instructions as to these matters, or any other instruction substantially covering the matters referred to in such requested instructions, we think the trial court was in error. Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 243 N. W. 561; Hoegh v. See, 215 Iowa 733, 246 N. W. 787; Fry v. Smith, 217 Iowa 1295, 253 N. W. 147.

III. In their answer the defendants allege that the acts and conduct of the driver of a truck at the time and place of said accident constituted the sole and proximate cause of said accident, and they complain of the failure of the court to specifically instruct the jury in reference to the issue thus raised. Nowhere in the court's instructions do we find any statement which can be said to definitely and specifically cover the issue thus presented by the allegations of·

plaintiff's answer. As we think there was evidence from which the jury could, if it had seen fit to do so, find that the negligence of the driver of the truck was the sole and proximate cause of the accident, the trial court was in error in failing to instruct upon this issue. Kaufman v. Borg, 214 Iowa 293, 242 N. W. 104.

■ IV. In instruction No. 10 the court told the jury:

"That the law of the state of Iowa requires the driver of any motor vehicle * * * to at all times yield to such approaching motor vehicle one-half of the traveled portion of said highway, and a failure to do so would be negligence." And in instruction No. 11 the court further told the jury that: "It was the duty of the said Oscar J. Haggard in driving his car of his co-defendant and wife, Mrs. Oscar J. Haggard, at the time and place in question to observe the foregoing statute, and if he failed to do so, he is guilty of negligence."

Appellants allege that in so instructing the jury the court committed reversible error. We think this contention of the appellants must be sustained. It appears without dispute in the evidence that the accident in this case occurred outside of the limits of an incorporated city or town. It is well established by the decisions of this court that, where vehicles traveling on a highway, outside of an incorporated city or town, fail to comply with the statute (Code 1931, section 5020) by yielding one-half of the traveled portion of the road, such failure is merely prima facie evidence of negligence and is not negligence. Lang v. Siddall, 218 Iowa 263, 254 N. W. 783; Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Cooley v. Killingsworth, 209 Iowa 646, 228 N. W. 880; Ryan v. Perry Rendering Works, 215 Iowa 363, 245 N. W. 301.

■ The fact that the court in its instruction No. 8 had told the jury that the failure of a driver of a motor vehicle to turn to the right and give one-half of the traveled portion of the highway would be presumptive evidence of negligence, and that this presumption was not conclusive but might be explained so as to show that he was justified in not turning to the right and giving one-half of the traveled portion of the highway, does not cure the misstatements made in instructions Nos. 10 and 11, above quoted. Instruction No. 8, although correct, was in conflict with instructions Nos. 10 and 11, and it cannot be presumed that, under such circumstances, the jury will follow the correct as against the incorrect instruc-

tion. In giving its instructions Nos. 10 and 11, the court was guilty of reversible error. Re Estate of Workman, 174 Iowa 222, 156 N. W. 438.

V. In the court's instruction No. 15 the jury was told, in substance, that the car operated by defendant Oscar J. Haggard belonged to his wife and codefendant, Mrs. Oscar J. Haggard, that it was conceded that said car was being driven with the knowledge and consent of the owner, and that, if they found that the operation of the automobile by Oscar J. Haggard was negligent, the owner of the car would be equally liable with the driver. Defendants complain of this instruction, because it told the jury that it was conceded that the automobile was being driven by Oscar J. Haggard, with the consent of Mrs. Oscar J. Haggard, whereas the concession actually made was merely that the car was owned by Mrs. Oscar J. Haggard and that Oscar J. Haggard was driving it at the time of the collision. The evidence showed that the owner, Mrs. Oscar J. Haggard, was riding in the car at the time of the accident, but there is no specific admission that it was being operated by Oscar J. Haggard with her consent. The statement of the instruction that it was conceded that the car was being operated with the consent of the owner was therefore incorrect. However, the conclusion that such was the fact seems almost, if not absolutely, inescapable from the concession made and the undisputed facts of this case. We can conceive no reasonable theory, and none has been suggested, from which any other conclusion could be drawn. While it should, perhaps, have been left to the jury to draw this conclusion, we are unable to see how any prejudice could have resulted from this statement of the instruction.

Further objection is made to this instruction, because under it the jury could have found that an admission claimed to have been made by the defendant Oscar J. Haggard and offered in evidence as against him only, was binding upon the owner, Mrs. Oscar J. Haggard. In this connection, complaint is also made that the court's instruction No. 20 submitted only two forms of verdict to the jury, one in favor of the plaintiff and against both defendants, and the other in favor of both defendants and against the plaintiff. It is argued that the jury should have been instructed that they could find a verdict against the defendant Oscar J. Haggard alone, and that such form of verdict should have been submitted to them. The petition in this case did not charge any negligence on the part of

the defendant Mrs. Oscar J. Haggard. It sought to impose liability upon her on the ground only that she was the owner of the car and that it was being operated with her consent. Under the instructions given, the negligence of Oscar J. Haggard alone was submitted to the jury, and no verdict could have been rendered in favor of the plaintiff without finding that Oscar J. Haggard was negligent, and that such negligence was the proximate cause of the accident and damages resulting therefrom. It being admitted that Mrs. Oscar J. Haggard was the owner of the car and that it was being operated by her husband, Oscar J. Haggard, she would have been equally liable with Oscar J. Haggard if the car was driven with her consent. Unless the evidence was such that the jury could have found that the car was not driven with the consent of the owner, Mrs. Oscar J. Haggard, she was equally liable with her husband and codefendant, and there could have been no verdict for the plaintiff as against Oscar J. Haggard alone. As already stated, the evidence in the case was such that the conclusion was almost, if not absolutely, inescapable that the car was being driven with the consent of the owner. We are therefore unable to find any prejudicial error in the instructions concerning which complaint is here made.

Other errors are alleged, but, as such alleged errors probably will not occur upon a retrial of the case, we do not deem it necessary to prolong this opinion by a discussion of them.

For the reasons given in the opinion, the case must be, and is hereby, reversed.—Reversed.

ANDERSON, C. J., and ALBERT, KINTZINGER, POWERS, PARSONS, RICHARDS, and HAMILTON, JJ., concur.