IN RE ESTATE OF JOHN H. GOLLOBIT.

HELEN A. WOLEVER, Appellee, v. M. T. GOLLOBIT, Executor, Appellant.

No. 45898.

APRIL 7, 1942.

Dan J. Buckley and Bennett Cullison, for appellant.

George McConley and More & More, for appellee.

HALE, J.—Claimant, on December 20, 1940, filed her claim for services, for nursing decedent in her home from February 24 to June 30, 1939, at $21 per week during an eight weeks'

period, amounting to $168, $10 per week during an eight weeks' period, amounting to $80, and $5.00 per week for a two weeks' period, amounting to $10, making a total of $258. To this the executor filed his answer by way of general denial, and also claimed payment. Jury was waived and the cause was tried to the court, and on trial judgment was rendered for $193, being the claim amounting to $258, less a credit of $65 by payment. From this judgment and order the executor has appealed to this court.

John H. Gollobit, decedent, who had been residing in Colorado, became ill and went to a hospital for about two weeks, after which he went to the home of his sister, Helen A. Wolever, claimant herein, on February 24, 1939, and remained at her home until the latter part of June 1939. He then came to Manilla, Iowa, and made his home with his brother until the time of his death on June 26, 1940. M. T. Gollobit was appointed executor.

■ Since the jury was waived, the judgment of the district court has the effect of a verdict if there is substantial competent evidence to support it.

As to the question of services rendered there was uncontradicted evidence offered to support the court in its finding, it being shown by competent evidence that the services were actually rendered; and there was other evidence as to the value thereof, supporting the amount claimed. The only question, therefore, is as to payment. By stipulation it was agreed that Helen A. Wolever received the sum of $65, as shown by a check introduced as Exhibit 2. Such check, dated September 8, 1939, was payable to the order of Mr. and Mrs. F. W. Wolever, and had thereon the words: "For Board Room & Care in full," and was indorsed on the back thereof: "Fred Wolever, Helen A. Wolever." This check was mailed to her from Manilla by John H. Gollobit.

The executor was introduced as a witness. However, as such evidence appears in the abstract very little of it was competent. Much of it involves conversations that must have been had with the decedent and some of it plainly refers to such conversations. Proper objections were made and rulings reserved. Such of the testimony as is competent, however, does no more

than show that there was a demand from claimant's attorney, and that the check mailed was less than the amount demanded and later proved on trial. The executor, therefore, must rely for his principal defense upon the check itself. The only case cited by the executor in his brief is In re Estate of Brown, 92 Iowa 379, 60 N. W. 659, in support of his argument that a recital in a check that it was given for a certain purpose is presumed to have been written thereon before delivery of the check to the payee and for the purpose shown thereon. Even if the case cited supports the proposition argued, we still do not see that it applies to any great extent to the facts of this case.

 The case cited mainly relates to the admission of testimony by parties within the prohibition of the statute (Code, 1939, section 11257). Whatever its effect, the decision, rendered in October 1894, was made under the provisions of section 2410 of the Code of 1873, which did not place the burden of proof of payment on the estate. This section was amended by chapter 75, Acts of the Twenty-sixth General Assembly, providing that the burden of proving that a claim is unpaid shall not be placed on the party filing; and the section, with further amendment requiring special defenses to be pleaded, appears in the Code of 1897 (section 3340) in its present form, and, divided editorially into sections 11961 and 11962, in the Code of 1939, placing the burden of proving payment upon the estate.

We do not think that the check introduced in evidence establishes payment for any greater amount than that of the check itself. Recitals in a check do not control, and we have often held—as in Yardley v. Iowa Elec. Co., 195 Iowa 380, 381, 383, 191 N. W. 791, 793, and McGuire v. Interurban R. Co., 199 Iowa 203, 215, 200 N. W. 55, 60—that the receipt of a check and the indorsement and cashing thereof do not necessarily amount to a settlement of the account for which it is given. They are presumptive evidence. In the former case the defendant had given a pay check to the plaintiff, which had been accepted by the plaintiff and upon which were printed the following words: " 'Endorsement by the payee below will constitute a receipt in full for the amount and items indicated.' " The court says:

"A receipt is not a contract, and it is always admissible to show the purpose of a receipt and the real intent of the parties

thereto. To contradict a receipt it is not necessary to allege that it was secured by fraud or mistake." (Citing cases.)

A similar check was given in the McGuire case, where the words were: " 'For all services rendered up to and including above date.' " The opinion states:

"The checks for salary containing the statement quoted were merely receipts, and susceptible of parol explanation as to their purpose and the intent of the parties. The acceptance and indorsement of them by appellant would be no more than presumptive evidence of payment in full." (Citing the Yardley case.)

See, also, State v. Amrine, 198 Iowa 968, 971, 200 N. W. 602, 603, and cases cited; Bremhorst v. Phillips Coal Co., 202 Iowa 1251, 1260, 211 N. W. 898, 904; Hallowell & Sons v. Van Zetten, 213 Iowa 748, 750, 239 N. W. 593, 594.

We have always held, as shown by the foregoing cases, that a check drawn as the one in this case and cashed by the payee, is no more than a receipt and as such is susceptible of explanation and does not constitute a full satisfaction of indebtedness. There is competent evidence in this case sufficient to sustain the court in its finding as to the performance of the services and the value thereof, and that the check signed by the decedent did not constitute full payment and satisfaction of the claim. The court properly allowed the amount of $258 with the credit of $65, and entered judgment accordingly. In this we think the court was right.—Affirmed.

All JUSTICES concur.