Russell S. Wunschel, guardian of the property of Robert D. Handy, appellant, v. Richard McKinney, appellee.

No. 49926.

(Reported in 103 N.W.2d 81)

May 3, 1960.

Edward S. White and Ronald H. Schechtman, both of Carroll, for appellant.

Russell S. Wunschel, of Carroll, pro se.

Taylor & Taylor, of Guthrie Center, for appellee.

PETERSON, J.—This is an action for alleged unpaid balance on promissory note of $1250. The note was executed by defendant to Robert D. Handy on July 1, 1951. It was payable on January 1, 1953. In September 1956 Mr. Handy was declared of unsound mind and committed to the State Hospital at Clarinda. Russell S. Wunschel was duly appointed guardian, and in such capacity is the plaintiff.

There is no dispute about the payment by check of three fifty-dollar payments on July 16, 1953, June 30, 1954, and May 18, 1955.

The only question in controversy is that defendant alleges he sold 800 bushels of corn to Mr. Handy on or about July 16, 1953, at $1.50 per bushel to be applied on the note. Plaintiff contends there was no evidence by competent witnesses as to the sale of the corn. Defendant contends such evidence is present in the record. Jury was waived, and the case was tried to the court. The trial court decided in favor of defendant. Plaintiff has appealed.

The errors relied upon by appellant are: 1. A notation on a check does not constitute a receipt. 2. The testimony of a party as to transactions with a person since declared incompetent is inadmissible and the trial court erred in overruling certain objections. 3. The evidence was insufficient to show payment.

Detailed consideration of the errors is not necessary. The errors alleged will all be included in consideration of the findings of fact of the trial court. The question is whether or not there was substantial evidence by competent witnesses to sustain such findings. If so, they are binding upon this court, to the same extent as the verdict of a jury. This is provided in rule 334, R. C. P. It is axiomatic, as declared in numerous decisions. We will cite only a few.

Rule 334, R. C. P., provides: "Review in equity cases shall be de novo. In all other cases the supreme court shall constitute a court for correction of errors at law; and findings of fact in

jury-waived cases shall have the effect of a special verdict." In re Estate of Gollobit, 231 Iowa 1074, 1075, 3 N.W.2d 191, 192; In re Estate of Mathews, 234 Iowa 188, 12 N.W.2d 162; Roth v. Headlee, 238 Iowa 1340, 1342, 29 N.W.2d 923, 924; Beardsley v. Hobbs, 239 Iowa 1332, 34 N.W.2d 916; Miller v. Woolsey, 240 Iowa 450, 35 N.W.2d 584; Miller v. King, 240 Iowa 1336, 39 N.W.2d 307.

In In re Estate of Gollobit, supra, this court said: "Since the jury was waived, the judgment of the district court has the effect of a verdict if there is substantial competent evidence to support it."

In Roth v. Headlee, supra, we said: "The action was tried at law without a jury. It is not reviewable here de novo but only upon the errors assigned. * * * The decision below on the facts has the force and effect of a jury verdict."

Both parties were somewhat restricted as to introduction of evidence, because of competency of their witnesses under the provisions of section 622.4, 1958 Iowa Code. The trial court was careful in sustaining or overruling objections raised under said section. The statute is equally effective in case of insanity of one of the parties.

The following notation appears on Exhibit 1, which is a check for $50 to Robert Handy, signed by defendant and dated July 16, 1953: "800 bu corn at $1.50 bu on $1250. Note & Int."

Sufficient uncontradicted evidence was admitted, either without objection or with objection properly overruled, to establish substantial support for the trial court's findings of fact.

Defendant testified:

"Q. I hand you what the court reporter has marked Defendant's Exhibit 1 and will have you identify that if you will please. [No objection] A. This is a check that I gave Robert Handy.

"Q. Do you know the signature of Robert Handy? [No objection] A. Yes.

"Q. I call your attention to the endorsement on the reverse side of that check and ask if that is his signature? [Objection; witness incompetent] The Court: He may answer. A. Yes.

"Q. I notice other writing on the face of this check. [This

was the writing about 800 bushels of corn, above-quoted.] Does this check now bear the same writing that it bore when you delivered it to Robert Handy? [No objection] A. Yes.

"Mr. Taylor: In connection with the direct examination of the defendant, Richard McKinney, the defendant offers into evidence Exhibit 1. [Objection on basis of irrelevant, incompetent and immaterial, and no proper foundation laid, showing that it was given in consideration of the note involved.] The Court: * * * It will be received."

The trial court properly expressed the distinction between competency and incompetency of a witness under section 622.4.

"The Court: Under the Dead Man Statute he can testify to a physical fact unrelated to a personal transaction. He can identify written instruments that are within his personal knowledge. He can testify as to their existence if he was sufficiently familiar with the signatures appearing thereon and can identify them. He can testify as to his opinion as to whose signature that is. * * *."

Defendant also testified:

"Q. Defendant's Exhibit 1, Mr. McKinney, is in evidence and has writing on the face thereof, '800 bushels of corn at $1.50 a bushel on a $1250 note and interest.' Do you know where the corn came from that is written there? [Objected to as irrelevant and immaterial] The Court: He may answer. A. Off the three farms that I farmed. * * *

"Q. Did you observe Mr. Handy measure this corn? [No objection] A. Yes.

"Q. You knew who received this corn? [Objection on account of Dead Man Statute sustained]

"Q. Did you receive or ever take it, Richard? [No objection] A. No.

"Q. Do you know of anyone other than Mr. Handy that might have taken it? [Objection on account of Dead Man Statute overruled] A. No."

We are holding there is substantial evidence to sustain the trial court's decision. As to the facts, the decision is therefore

binding on this court. Since the question above considered is decisive of the case, it is unnecessary to give attention to other questions discussed by both parties in their briefs.

The case is affirmed.—Affirmed.

All JUSTICES concur except BLISS and OLIVER, JJ., not sitting.