HARLAN PRODUCTION CREDIT ASSOCIATION, appellant, v. SCHROEDER ELEVATOR COMPANY, appellee.

SCHROEDER ELEVATOR COMPANY, cross-petitioner, v. LESLIE MILLER, defendant to cross-petition.

No. 50480.

346

December 12, 1961.

White, White & McMartin, of Harlan, for appellant.

George W. Dresselhuis, of Odebolt, for appellee.

Leighton A. Wederath, of Carroll, for defendant Leslie Miller.

GARFIELD, C. J.—This is a law action by Harlan Production Credit Association, of Harlan, against Schroeder Elevator Company of Wall Lake to recover $1042, alleged value of 1198 bushels of corn on which plaintiff claims to hold a chattel mortgage. Trial was to the court without a jury. From judgment for defendant based on a finding there was insufficient proof the corn it purchased from the mortgagor was covered by plaintiff's mortgage, plaintiff has appealed. We first refer to the evidence.

I. In 1959 Leslie Miller was a tenant farming the North Half of Section 19, Township 85, Range 37, in Crawford County, Iowa. He was largely indebted to plaintiff. On January 7, 1959, he and his wife made a chattel mortgage to plaintiff covering certain farm machinery and "Mortgagor's share of all 1959 crops to be grown on the above described land." Just preceding the description of the machinery and share of crops, the land

is properly described as set out above. The mortgage was duly filed with the recorder of Crawford County pursuant to section 556.3, Code, 1958.

Mr. Reese Laughlin, plaintiff's assistant secretary-treasurer, testifies he visited the farm on October 14, 1959, and found 120 acres of corn he estimated would make 55 bushels to the acre or 3300 bushels as the share of mortgagor Miller. Nothing is shown as to the witness' ability or experience in estimating yields of corn in the field unless this may be inferred from the fact he had been "with plaintiff" over 11 years. Laughlin next visited the farm on January 28, 1960, and measured 2100 bushels of ear corn as the tenant's share. On February 23, 1960, Miller had a sale on the farm from which he was apparently about to move. Laughlin attended the sale and estimated there were about 900 bushels of corn there. He did not measure it.

There is no testimony the corn the witness measured on January 28 or the corn he saw on February 23 was grown on the farm in question in 1959 or that it was new corn, not old. Nor does it appear Miller did not farm other land.

Mr. Laughlin says he inquired of Miller what had happened to "the balance" of the corn. Over defendant's objection as hearsay and incompetent as to it, he testifies Miller told him he had sold corn to Schroeder Elevator Company at Wall Lake. We think the objection was good. Hart v. Rigler, 70 N.D. 407, 295 N.W. 308, 311. However, the fact testified to appears from other evidence. Defendant's manager told Laughlin over the telephone the day after the sale that he bought 1198 bushels of corn from Miller, paid him $1042 for it and the corn was delivered to defendant on February 19.

Over defendant's objection as calling for an incompetent opinion and conclusion which the witness was not qualified to express, Mr. Laughlin says he "assumed the corn sold to defendant was part of plaintiff's security after Miller telling him it was sold there." We think this objection was also good. In argument plaintiff does not refer to this answer of the witness or claim anything for it.

II.  We have summarized the evidence bearing on the ques-

tion whether the corn defendant purchased was from Miller's share of the 1959 crop grown on the land described in the mortgage. The trial court reviewed the testimony and held there was none that the corn defendant purchased was from Miller's share, grown in 1959 upon the described land. Plaintiff argues it met the burden of proving the affirmative of this vital question. It believes the evidence is sufficient to warrant a judgment in its favor. If this were true it would not entitle plaintiff to a reversal.

As stated, this is a law action tried without a jury. It is not reviewable here de novo but only upon the errors assigned. The trial court's decision on the facts has the effect of a jury verdict. It was for the trial court to determine the credibility of Mr. Laughlin as a witness and the weight to be accorded his testimony. The court's decision on the facts must stand unless plaintiff was entitled to recover as a matter of law or, stated in another way, unless it would have been entitled to a directed verdict if there had been a jury trial. Our problem is not whether the evidence is sufficient to permit recovery but whether it is so persuasive as to require it.

As plaintiff concedes, it had the burden to prove by a preponderance of the evidence that the corn defendant purchased was from the mortgagor's share of the 1959 crop on the described land. 53 Am. Jur., Trover and Conversion, sections 176, 177; 89 C. J. S., Trover and Conversion, section 132. See also Shimp Bros. v. Place, 225 Iowa 1098, 1107, 281 N.W. 471. In the absence of an admission by the adverse party, it is not often that one who has the burden on an issue establishes his claim as a matter of law.

See in support of the views stated in this division Roth v. Headlee, 238 Iowa 1340, 1342, 1343, 29 N.W.2d 923, 924, and citations; In re Estate of Lawrence, 251 Iowa 305, 308, 309, 100 N.W.2d 645, 648, and citations.

Where appellant in a law action contends he was entitled to recover as a matter of law the evidence will be construed in the light most favorable to the trial court's judgment. In re Estate of Lawrence, supra, and citations; Brown Mfg.

Co. v. Crouse, 251 Iowa 594, 597, 102 N.W.2d 154, 156, and citations.

▉ The most that may fairly be claimed for the evidence here is that the trial court might have inferred the corn defendant purchased was corn covered by plaintiff's mortgage. We need not decide the point. Certainly the evidence was not so persuasive as to require such a holding. We are not justified in reversing the judgment on the ground it necessarily reaches the wrong decision on what plaintiff refers to as a factual question.

▉ III. Plaintiff says even if the corn Miller sold defendant was not grown on the farm in question in 1959 it was covered by the mortgage because it was owned by Miller. The claim seems to be based on language in the printed form of the mortgage following the typewritten description of the mortgaged farm machinery and "Mortgagor's share of all 1959 crops to be grown on the above described land." The printed language then states, "And all other horses, mules, cattle, hogs, sheep, crops, farm implements and other machinery * * * and all other personal property which the Mortgagor now owns or may acquire during the life of this mortgage, * * *." (There is no attempt to describe any land on which other crops were, or were to be, grown.)

We cannot accept plaintiff's argument on this point. The record indicates the contention was not made in the trial court and is an attempt by plaintiff to mend its hold here. Plaintiff's petition alleges its mortgage covered all 1959 crops produced on the land therein described and that defendant appropriated 1198 bushels of corn produced during 1959 on the described premises. An amendment to the petition contains the same allegation as to what the mortgage covered.

The lien plaintiff asserts is under the typewritten description in the mortgage. No claim is asserted under the dragnet clause of the mortgage which purports to cover "all other * * * crops * * * and all other personal property which the Mortgagor now owns or may acquire * * *." The trial court considered no such claim and was apparently unaware of it.

We have many times declined to consider a contention an

appellant did not raise in the trial court. Branderhorst v. County Board of Education, 251 Iowa 1, 3, 4, 99 N.W.2d 433, 434, 435, and citations; In re Estate of Lundgren, 250 Iowa 1233, 1239, 98 N.W.2d 839, 843; Salem v. Salem, 245 Iowa 62, 71, 60 N.W.2d 772, 777.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting, and PETERSON, J., who takes no part.