TROY JONES, appellee, v. GEORGE O'BRYON, appellant.

No. 50661.

(Reported in 116 N.W.2d 461)

32

JULY 24, 1962.

Kennedy, Kepford, Kelsen & White, of Waterloo, for appellant.

Haupert & Robertson, of Marshalltown, for appellee.

MOORE, J.—Preparatory to obtaining a pilot's license, defendant on April 16, 1958, in a Luscombe airplane rented from plaintiff, made a solo cross-country flight from Eldora to Charles City, to Garner, and then returned to Eldora. At Eldora the

plane approached from the north and on first contact with the ground bounced about 20 feet in the air, bounced again, proceeded south down the runway, veered off the runway, flipped over and was damaged beyond repair.

In this action for damages defendant contended the crash was caused by cross-air turbulence. Plaintiff contended the turbulence, if any, was not marked and therefore of no consequence and in any event defendant failed to exercise ordinary care in making the landing irrespective of weather conditions.

The case was tried to the court. The court found defendant attempted to make a "power-off stall landing", made a poor landing, flew the plane toward the ground at high speed instead of stalling it near the earth, lost control of the plane and locked the brakes, all of which caused the plane to overturn with the resulting damages. The court also found the main cause, or at least a concurring proximate cause of the crash, was defendant's flying the plane into the ground and locking the brakes, contrary to his training and experience, and his deviation from correct procedure was too great for even a student.

From a judgment for $1400 and costs defendant has appealed.

I. Defendant's first contention is that the court erred in overruling objections to the testimony of plaintiff and the witness John Butler.

Plaintiff testified he had been a licensed pilot about 15 years, had flown his Luscombe airplane several years, using the Eldora field, he was not at the field but about two miles away when the crash occurred, he had observed the weather conditions that morning prior to and after the crash, in his opinion the wind velocity at the field was about 15 miles per hour at the time of the crash.

He was then asked his opinion as to how much of the strip it would have taken to land that airplane that morning. Defendant objected, asserting the answer would be irrelevant and immaterial to any issue in the case as the basis on which any opinion might be given was too vague, indefinite and entirely too remote. The objection was overruled. Plaintiff answered, "A third of the field, a third of the runway." We shall decide

the question raised with those involving opinions of the witness Butler.

John Butler testified he was a licensed airplane pilot of many years; he held a commercial license, single and multi-engine rating; he held instructor's and instrument ratings; he held a ground instructor's rating for aircraft and engines, meteorology, civil aeronautics regulation and navigation, to acquire these various ratings requires a considerable amount of study and instruction; for 10 or 11 years he had been an instructor, he had instructed from 50 to 60 students, one of whom was defendant. He testified defendant had 50 hours flying time, had received 16 hours instruction before he soloed, and before the accident defendant had been given complete instruction as to the proper methods of making a landing. Most of the instructions were given in plaintiff's airplane.

Butler testified he went to the scene of the accident soon after it occurred, at which time he observed the plane in its damaged condition, together with tracks and other conditions then existing at the scene. In his opinion there was then a wind velocity from the southwest of approximately 15 miles per hour. Butler stated defendant told him at the time of the landing the wind velocity was about 15 miles per hour from the southwest with some gusts and turbulence.

To a series of questions over defendant's objections the evidence was irrelevant and immaterial, remote and speculative and improperly invaded the province of the court as no proper foundation had been laid, Butler was permitted to give his opinions based on observation and knowledge as follows: a student with 50 hours should have adequate experience to contend with gusts of 15 miles per hour or a straight wind of 15 miles per hour coming out of the southwest on the day in question; a student with 50 hours of flying time and with the instruction defendant had should not have encountered any degree of difficulty in making a landing on the day of the mishap under the conditions then existing; a person with 50 hours of flying time and with the instruction defendant had should have been able to make the three types of landings to which the witness referred; he believed the airplane initially touched down at a

proper point with respect to the length of the runway but the tracks indicated it took off again, touched down a second time, took off again and finally touched down a third time and came to an abrupt halt; the airplane was flying at the time of the attempted landing and it had not been stalled for a landing; the primary factor causing the airplane to bounce was that the stick was not held back and a secondary factor was the cross-wind; because the stick was not back there was not enough pressure on the tail to hold the craft down when the brakes were applied; the plane was flown into the ground with sufficient speed that it caused the craft to jump into the air; a man with 50 hours flying time such as defendant had should have been able to safely land the plane under the circumstances; what caused the airplane to turn over at the end of its run that day was primarily the failure to have the stick back and secondarily application of the brakes so the wheels were locked and not turning.

In Brower v. Quick, 249 Iowa 569, 578, 88 N.W.2d 120, 125, we said:

"It is well settled in Iowa that if a witness is possessed of special training, experience, or knowledge in respect to the matter under investigation, and if his opinion based on evidentiary facts will be of aid to the jury in reaching a correct conclusion, and if the opinion expressed does not bind the jury to accept it, but leaves the ultimate conclusion to be determined by the judgment of the jurors themselves, such testimony is not improper nor prejudicial."

We also so held in Grismore v. Consolidated Products Co., 232 Iowa 328, 5 N.W.2d 646; Waterloo Sav. Bk. v. Waterloo, C. F. & N. R., 244 Iowa 1364, 60 N.W.2d 572; Brady v. Mc-Quown, 241 Iowa 34, 40 N.W.2d 25, and Roberts v. Koons, 230 Iowa 92, 296 N.W. 811.

The admission of opinion evidence rests largely in the sound discretion of the court and considerable leeway is allowed in this field of evidence for the reason that no matter how the opinion question is phrased or formulated, it remains an opinion which the trier of facts is at liberty to reject. Therefore only in clear cases of abuse would admission of such evidence

be found prejudicial. Doane v. Farmers Cooperative Co., 250 Iowa 390, 94 N.W.2d 115, 81 A. L. R.2d 128; Brower v. Quick,. 249 Iowa 569, 88 N.W.2d 120; Knaus Truck Lines v. Commercial Frgt. Lines, 238 Iowa 1356, 29 N.W.2d 204.

The Grismore case, often referred to as the leading one in Iowa involving the questions raised by defendant's objections, was thoroughly discussed by the trial court and counsel. In its many rulings the court diligently attempted to follow the law as established by that opinion.

■ We hold the trial court did not abuse its discretion in receiving the opinion of plaintiff and those of the witness Butler.

II. Defendant next contends the trial court erred in not applying the doctrine of sudden emergency. In Young v. Hendricks, 226 Iowa 211, 215, 283 N.W. 895, 898, we said:

■ "An emergency has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; exigency; pressing necessity. 20 C. J. 499; U. S. v. Sheridan-Kirk Contract Co., D. C., 149 F. 809."

■ The burden is on the party urging the existence of a sudden emergency to sustain his contention that such an emergency had developed as would constitute a legal excuse for some omission on his part. Cunningham v. Court, 248 Iowa 654, 82 N.W.2d 292; Luppes v. Harrison, 239 Iowa 880, 32 N.W.2d 809; Young v. Hendricks, supra.

■ Defendant testified he encountered turbulence and wind gusts as he approached Garner, while en route from Garner to Eldora he observed a change in wind velocity over Latimer and Coulter, the air continued rough until he reached Eldora, he was aware of a turbulent condition before attempting to make a landing and described the condition as "gusty".

There is a total lack of evidence of any sudden change of the wind velocity or any increased turbulence during the approach and landing of the plane. Plaintiff claimed defendant failed to exercise ordinary care during that time. The trial court so found.

Under the facts the court properly gave no further consideration to defendant's claim of sudden emergency.

III. Defendant argues the court erred in holding plaintiff in bailing his plane did not assume the risk of defendant's inexperience. On this issue, the trial court in the findings and conclusions stated:

"Plaintiff knew he was bailing his plane to a student. So far as defendant's standard of care is concerned, this knowledge is important as we have seen. Plaintiff assumed the risk as to conduct which might reasonably be expected of a student. The situation is akin to the master-servant cases in which the servant assumes those risks 'which naturally and usually remain incident to such business'. Johnson v. Minneapolis & St. L. R. R., 183 Iowa 101, 165 N.W. 51.

"But as we have also seen, defendant did not conduct himself with the care which might reasonably be expected even of a student. Assumption of risk, as applied to plaintiff's conduct as distinguished from defendant's, requires actual knowledge, not merely that defendant was a student, but of defendant's culpability as a student, and voluntary assumption of that culpability. Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79.

"The Court is clear no such knowledge has been established. The burden is on defendant. Gordon v. Chicago, R. I. & P. Ry., 146 Iowa 588, 123 N.W. 762. The required knowledge will not be assumed by the Court; on the contrary, the general rule is that one person may normally presume the exercise of due care by others—here the due care of a student pilot. See Townsend v. Armstrong, 220 Iowa 396, 260 N.W. 17."

We agree with the trial court's rulings on this issue.

IV. Defendant's last two assignments of error are that the court erred in overruling defendant's motion for a directed verdict made at the close of all the evidence and his motion for judgment notwithstanding the verdict and for new trial. In these we find no merit.

In considering these assigned errors it is our duty to view the evidence in the light most favorable to plaintiff. It was for the trial court to determine the credibility of the wit-

nesses and the weight of the evidence. Harlan Production Credit Assn. v. Schroeder Elev. Co., 253 Iowa 345, 112 N.W.2d 320; Roth v. Headlee, 238 Iowa 1340, 29 N.W.2d 923; In re Estate of Martens, 226 Iowa 162, 283 N.W. 885; Murphy v. Callan, 199 Iowa 216, 199 N.W. 981. The decision below on the facts has the force and effect of a jury verdict. We review it only upon assigned errors of law. Rule 334, Rules of Civil Procedure; Wunschel v. McKinney, 251 Iowa 881, 103 N.W.2d 81; Roth v. Headlee, supra; In re Estate of Gollobit, 231 Iowa 1074, 3 N.W.2d 191.

▆▆▆ This case involves the law of bailments. The rule is well established that a bailor makes out a prima facie case by proof of delivery of the property in good condition, redelivery in damaged condition, and the amount of damages. The bailee must then go forward with his proof to rebut this presumption or prima facie case by showing the cause occurred through something consistent with due care on his part, in which case he is entitled to the verdict, unless the bailor sustains his burden of proof with evidence that, nevertheless, the loss would not have occurred but for the negligence of the bailee. Stevenson v. Reimer, 240 Iowa 652, 35 N.W.2d 764; Reimers v. Petersen, 237 Iowa 550, 22 N.W.2d 817; Walters v. Sanders Motor Co., 229 Iowa 398, 294 N.W. 621; Hunter v. Ricke Bros., 127 Iowa 108, 102 N.W. 826.

After plaintiff's testimony, defendant testified and was followed by Butler. Among other things, defendant stated he had been instructed in power-off stall landing, he attempted to make such a landing, he knew by experience this plane stalled at 40 miles per hour, he knew the plane would not stall out at 70 miles per hour, the plane was traveling between 60 and 70 miles per hour on the first ground contact. We held in Walters v. Sanders Motor Co., supra, a fact question for the jury may be created by a bailee's evidence. It appears we have another such case but we need not so hold in view of Butler's testimony.

We find no support in the record for defendant's assigned errors.—Affirmed.

All JUSTICES concur.