**UNITED STATES of America,**
**Plaintiff,**

v.

**CLOVERLEAF COLD STORAGE COM-PANY, a Corporation, and Fidelity and Deposit Company of Maryland, a Corporation, Defendants.**

**CLOVERLEAF COLD STORAGE COM-PANY, a Corporation, Defendant and Third-Party Plaintiff,**

v.

**J. E. WATKINS CO., a Corporation, Third-Party Defendant.**
**Civ. No. 67–C–3015.**

United States District Court
N. D. Iowa, W. D.
May 27, 1968.

Steve Turner, Asst. U. S. Atty., Sioux City, Iowa, for plaintiff.

John J. Vizintos, Sioux City, Iowa, for Cloverleaf Cold Storage Co.

Marvin J. Klass, Sioux City, Iowa, for Fidelity and Deposit Co. of Maryland.

Emmet Tinley and Jack W. Peters, Council Bluffs, Iowa, for J. E. Watkins Co.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon third-party plaintiff Cloverleaf Cold Storage Company's motion for summary judgment. Resistance has been filed thereto.

The instant action was commenced by the plaintiff against the defendant for the alleged breach of a storage contract between the Commodity Credit Corporation and the defendant. The Complaint alleges that thirty-nine carlots of butter were contaminated with ammonia while in the defendant's custody. The motion for summary judgment attacks the Complaint on the ground that there are no allegations of negligence on its part. The plaintiff responds that the bailee is presumed to be negligent when the bailed property under his control is damaged and the burden is upon the bailee to overcome the presumption.

The motion for summary judgment will be treated as a motion to dismiss for failure to state a claim upon which relief can be granted for the purpose of adjudicating the legal issue raised herein. No matters outside the pleadings are presented. The Government does not resist a determination because of the misnomer of the motion.

There are two divergent lines of authority as to whether the bailor or bailee has the burden of proof of negligence when a bailed article has been lost, damaged, or destroyed. In some jurisdictions it has been held that the Uniform Warehouse Receipts Act places the ultimate burden of showing due care on the bailee. Annot. 13 A.L.R.2d 681. The majority rule appears to be that upon the bailor's proof of a bailment and injury, the bailor is entitled to a presumption of fault on the part of the bailee. The presumption, however, does not shift the burden of persuasion from the bailor, but only places the burden of going forward with evidence on the bailee.

The Court is bound to apply federal law instead of local law under the Commodity Credit Corporation Act. Cargill, Incorporated v. Commodity Credit Corp., 275 F.2d 745 (2 Cir.). The federal rule follows the majority rule in that it gives the bailor the benefit of a presumption of fault which shifts the burden of going forward with evidence of due care to the bailee. Cargill, supra.

It is true that the Supreme Court has "occasionally selected" state law as a source of federal law. Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.

Ct. 573, 87 L.Ed. 838 (1943). The Iowa law has been in harmony with the federal and majority rules on the subject. See, e.g., Jones v. O'Bryon, 254 Iowa 31, 116 N.W.2d 461 (1962); Stevenson v. Reimer, 35 N.W.2d 764 (1949). It is also true that the Uniform Commercial Code has been deemed to be a "persuasive" source on federal law. United States v. Wegematic Corporation, 360 F.2d 674 (2 Cir.).

Subsection 7–403(1) of the Uniform Commercial Code reads as follows:

"(1) The bailee must deliver the goods to a person entitled under the document who complies with subsections (2) and (3), unless and to the extent that the bailee establishes any of the following:

\*   \*   \*   \*   \*   \*

(b) damage to or delay, loss or destruction of the goods for which the bailee is not liable but the burden of establishing negligence in such cases is on the person entitled under the document"

\*   \*   \*   \*   \*   \*

Subsection (1) (b) has been adopted in a form which omits the optional language in twenty-six states. See Uniform Laws Annotated, Section 7–403. Without the additional language, the provision has been held to in substance codify the previous majority and federal rules. Procter & Gamble Distributing Co. v. Lawrence Am. Field Warehousing Corp., 16 N.Y.2d 344, 266 N.Y.S.2d 785, 213 N.E.2d 873. The optional language has been accepted in only eight states, including Iowa. Uniform Laws Annotated, supra.

Although the literal terms of the optional provision would seem to put the burden of proof on the bailor, the Court is not entirely certain that that result was intended by the draftsmen. The Comment to Section 7–403 relates that:

"The optional language in subsection 1(b) states the rule laid down for interstate carriers in many federal cases. State decisions are in conflict as to both carriers and warehousemen. Particular states may prefer to adopt the federal rule."

■ The federal rule as to the negligence of a carrier in handling goods is that once the shipper has proved a prima facie case, the final burden of proof shifts to the carrier to explain the loss. See, e.g. Missouri Pacific R. Co. v. Elmore and Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194; rehear. den. 377 U.S. 984, 84 S.Ct. 1880, 12 L.Ed.2d 752 (1964); United States v. Mississippi Valley Barge Line Co., 285 F.2d 381 (8 Cir.); Super Service Motor Freight Co. v. United States, 350 F.2d 541 (6 Cir.). And the "conflict" mentioned in the Comment would seem to refer to the split between jurisdictions placing the burden on the bailee and states which bestowed the benefit of the presumption of fault on the bailor. It would appear that the intent of the additional language could have been to place the burden on the warehouseman instead of the bailor or person entitled under a document, although there are a few older cases imposing the burden on the bailor. See 8 C.J.S. Bailments, § 50c(2).

In any event, the Court is convinced that there has been no modification of the federal rule with the enactment of the Uniform Commercial Code in many states. The greater weight of authority is clearly in accord with that rule and the Court is not free to deviate from the Gargill case, supra. Even if Iowa's adoption of the optional clause could be said to have some slight effect on the federal rule on this subject which it does not, it should be noted that the transactions herein allegedly took place prior to the effective date of the Code in Iowa and during the time when Iowa was in agreement with the majority rule.

■ Therefore, the Government must only make out a prima facie case and the burden will fall upon the defendant to explain the loss to the bailed goods. It is well-settled that the Complaint need only allege the bailment contract and injury while in the control of the bailee and it is not necessary to aver

negligence. See 8 Am.Jur.2d Bailments, Section 295, and 8 C.J.S. Bailments, § 49a(e). It must be borne in mind that we are here dealing with the sufficiency of the allegations of the Complaint. The Complaint herein is sufficient, even though the risk of persuasion may fall upon the Government in the final analysis. National Fire Insurance Co. v. Mogan, 186 Or. 285, 206 P.2d 963.

Accordingly, it is hereby ordered that the defendant's motion for summary judgment is denied.