EMMA G. SMITH *vs.* S. S. KRESGE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 8th, 1932—decided January 31st, 1933.

*Morris M. Wilder,* for the appellant (plaintiff).

*Richardson Bronson,* with whom, on the brief, was *J. Warren Upson,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages by reason of a fall in a store of the defendant. The jury, upon the direction of the court, returned a verdict for the defendant, which the trial court refused to set aside. It is agreed that this ruling was upon the ground that the plaintiff had been guilty of contributory negligence as matter of law. The plaintiff claimed that her fall was due to slipping upon a place in the store where, due to a depression, oil had gathered. She testified in answer to a question whether she had noticed on other occasions how the floor was cared for, that it was "always oil," and to a question whether there was an oil preparation on the floor, that "it was oil, I should say." This testimony fell short of making necessary the conclusion that on other occasions when she had noticed the floor it was slippery with oil. Another witness she called testified that she had noticed that a floor preparation of oil was

used in the store. Indeed, the defendant's employees in the store testified that the floor was oiled. The jury might well have concluded that, while a floor preparation of oil was used, this did not ordinarily make the floor slippery and that from its use the plaintiff was not charged with notice that she might encounter a dangerous condition. It is true that the plaintiff did not testify she used any special care in the few steps she took in the store before she fell. But she had a right to assume that the floor was reasonably safe to walk upon and until she knew or ought in the exercise of reasonable care to have known that it was not, she was not charged with any duty to exercise special care. *Hurlburt* v. *Sherman*, 116 Conn. 102, 163 Atl. 603. The jury could have reasonably concluded that she used the care of an ordinarily prudent person. The defendant makes no claim that the jury might not have properly found its employees to have been negligent. The trial court should have set the verdict aside.

There is error and a new trial is ordered.