ROSE ZOCCALI *v.* JOHN J. CARFI.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 6—decided June 26, 1941.

*Ralph O. Wells,* for the appellant (defendant).

*M. J. Blumenfeld,* with whom was *Seymour M. Alpert,* for the appellee (plaintiff).

BROWN, J.  This is an appeal from the denial of a motion to set aside the verdict.  The jury could have found the following facts:  On November 8, 1939, the defendant was and for some time had been conducting a grocery store in New Britain.  Extending from the front to the rear of the store were two main aisles connected by cross aisles and separated by a row of bins or showcases in and upon which was various merchandise for sale.  Along the left side of the aisle to the left of one entering by the front door were counters and showcases, and along the wall behind them shelves where merchandise was also displayed for sale.  There was a trapdoor thirty-three and one-half inches wide by six feet four and one-half inches long in the floor of the left aisle, located about twenty feet from the front of the store, parallel with and two feet from the counter.  This door was hinged on the edge furthest from the counter and when closed was flush with the floor.  When open it afforded access to steps leading to the cellar floor seven feet eight inches below, and there was no post, railing or other device to guard the end of the opening towards the front of the store.

On the day mentioned the plaintiff, a woman forty-nine years of age who had often traded at this store, entered by the front door and purchased two pounds of grapes from the defendant near the front of the right aisle.  She then suggested that she desired to make some further purchases and started to walk by

the left aisle toward the rear of the store, looking at the goods on display as she proceeded. The trapdoor, which was about four and one-half inches thick, was open and was held in a position perpendicular to the floor by a rope from the counter to the end of the door nearer the rear of the store. The store was well lighted, the floor was dark colored, and there were lights in the cellar. While the plaintiff was considering further purchases and proceeding along the aisle, the defendant had left her and was standing by the front corner of the opening at the front edge of the upright door, to guard against her falling in. As the defendant stood there he saw the plaintiff walking toward the opening and that she was looking up at the merchandise on display and did not see the opening in the floor. Shortly before she reached it the defendant, in response to the call of another customer, and without warning the plaintiff of her danger, left and started toward the right aisle, leaving the opening unguarded. The plaintiff continued on unaware of it, fell in and received the injuries complained of.

The defendant's only claim is that the court erred in denying his motion to set aside the verdict, because upon the evidence the plaintiff was guilty of contributory negligence as a matter of law. In support of this contention he relies upon two decisions of this court, *Seabridge* v. *Poli*, 98 Conn. 297, 119 Atl. 214, and *Martin* v. *Stamford Gas & Electric Co.*, 118 Conn. 319, 172 Atl. 218. Each of these is distinguishable from this case upon the facts. In the former the plaintiff, a patron, was injured by tripping over a weighing machine in the women's toilet room of the defendant's theatre. The machine which stood against the wall of the room was five and one-half feet high with the top of its base seven and three-quarter inches above

the floor and seventeen inches wide, extending into the room twenty-five and one-half inches, and was in plain view. The plaintiff had passed by it once or twice on previous occasions and again just before she fell over it. In the present case, on the contrary, the jury could reasonably have inferred that on the plaintiff's frequent previous visits to the defendant's store the trapdoor was closed so that what had then been a safe floor had become a trap and place of danger which she had had no opportunity to discover; and they could properly have found that she was warranted in assuming that the defendant, who was immediately present and waiting upon her, would warn her of any such hazard if it existed, and further that she was warranted in directing her attention to the goods which the defendant had on display rather than to the floor, while proceeding slowly along the aisle as she did. In the latter case, the plaintiff was injured by stepping into a manhole in the sidewalk from which the defendant's employees had removed the cover. At the time, the plaintiff was walking along reading a newspaper. In close proximity to the aperture, which was twenty-eight inches in width, was displayed a red warning flag. This fact, in addition to the two factors last mentioned as distinguishing the *Seabridge* case, and which are also present in the *Martin* case, presented a factual situation materially different from the one before us. The decisions relied upon are not controlling in the present case. The plaintiff here had a right to assume that the floor was reasonably safe to walk upon, and until she knew or ought in the exercise of reasonable care to have known that it was not, she was charged with no duty to exercise special care. *Smith* v. *Kresge Co.*, 116 Conn. 706, 707, 164 Atl. 206. Testing her conduct by this principle the question whether she exercised due

care was one of fact for the jury. *Hurlburt* v. *Sherman,* 116 Conn. 102, 106, 163 Atl. 603.

There is no error.

In this opinion the other judges concurred.