WESTERN ARKANSAS TELEPHONE
COMPANY *v.* Raymond COTTON et al

75-228                                    532 S.W. 2d 424

Opinion delivered February 2, 1976
[Rehearing denied March 8, 1976.]

*Wright, Lindsey & Jennings,* for appellant.

*Hixson & Cleveland,* for appellee.

CONLEY BYRD, Justice. Appellee Raymond Cotton, an employee of Darrell Hutcherson, d/b/a Hutcherson's Tree Service, was injured in Waldron, Arkansas, on July 28, 1970, while taking down some outdated telephone cables. To recover for Cotton's damages, Cotton and Hutcherson's Workmen's Compensation carrier, Employers Insurance of Wausau, brought an action against appellant Western Arkansas Telephone Company on the theory that appellant was negligent in selecting Hutcherson as a contractor to remove the telephone cables. The jury found the issues in favor of Cotton, *et al*, and appellant appeals contending that it was entitled to a directed verdict.

Some of the proof is disputed, but when considered in the light most favorable to appellees, as we must on appeal, it shows that prior to July 28, 1970, Hutcherson had told his foreman, Kenneth Lewis, that he had had no experience in removing telephone cables.

The undisputed proof is that Hutcherson had farmed some 20 to 25 years before 1965. From 1965 to 1968 he worked in the construction industry driving a dirt mover. In 1968 he contacted an official of appellant whom he had known from 1946 and who had married one of Hutcherson's relatives. As a result of that contact Hutcherson got a contract to trim the trees from appellant's telephone right-of-ways. In early 1970 Hutcherson entered into an oral contract with appellant to take down some outdated telephone cables at Mountainburg at a rate of $20 per hour for a four-man crew. The Mountainburg job lasted four months and was completed satisfactorily to appellant. The second contract with appellant to take down and remove an outdated telephone system was at Waldron, Arkansas. That job was also based on an oral contract of $20 per hour per four-man crew and had been in progress for approximately two months before Cotton was injured. In selecting Hutcherson to remove telephone cables, appellant made no inquiries of Hutcherson nor any outside source to determine if Hutcherson was competent to perform the service.

A. O. Croxton, a retired Southwestern Bell employee, testified, without contradiction, that the type of work in

which Hutcherson was involved required special knowledge and skill.

Hutcherson testified that he had four crews on the Waldron job and that three or four of the people he had hired had previous telephone company experience. This testimony was corroborated by his foreman, Kenneth Lewis, who testified on behalf of appellees.

Kenneth Lewis testified that Ray Merchants, appellant's construction foreman, and Hutcherson gave him his instructions when he began the Waldron job. Mr. Merchants showed the crew what they had to do and told them how to do it. They successfully wrecked the telephone cables until July 28, 1970, when Hutcherson changed the procedure for removing the lead spliced cables. When the cables were cut on July 28, 1970, in the manner that Hutcherson had instructed, the pole that Cotton had climbed snapped causing Cotton's injuries.

Our law with respect to the liability of a principal for the alleged negligent selection of an independent contractor is stated in *Ozan Lumber Co.* v. *McNeely,* 214 Ark. 657, 217 S.W. 2d 341 (1949), in this language:

"Although there is some authority to the contrary, it has generally been held that the duty rests on the employer to select a skilled and competent contractor, and the employer is liable to third persons for the negligent or wrongful acts of an independent contractor employed by him where he knew his character for negligence, recklessness, or incompetency at the time he employed him, or where the employer was negligent in failing to exercise reasonable care in the selection of a competent contractor. However, where the independent contractor is in fact a competent person to perform the work, it is of no consequence whether or not due care was used in the selection. The fact that a contractor is negligent in respect of the work in question raises no presumption that the employer was guilty of negligence in employing him."

As can be seen from the foregoing statement, the fact that Hutcherson was negligent with respect to the work in question does not raise a presumption that Western Arkansas Telephone was negligent in employing him.

The cases also hold that the fact that a principal knows that in independent contractor is personally ignorant or untrained in the actual performance of the work does not, of itself, make the owner liable to the contractor's employees. Many successful contractors who are thoroughly competent to estimate in advance the costs of construction are often ignorant of many of the construction operations. Such persons either sublet such work to other persons or employ a competent foreman. See *Schip* v. *Pabst Brewing Co.*, 64 Minn. 22, 66 N.W. 3 (1896).

The cases also hold that an employer who has had previous successful experience with an independent contractor in the performance of his work cannot be held liable on the theory of the negligent selection of the contractor, *Kueckel* v. *Ryder*, 54 App. Div. 252, 66 N.Y.S. 522 (1900).

Thus, since the uncontradicted evidence shows that Hutcherson employed a competent and experienced foreman and that he had successfully completed other work for the appellant in a satisfactory manner and without incident, we hold that there was no substantial evidence to warrant the submission of this case to the jury on the theory that appellant was negligent in selecting Hutcherson as its contractor.

We note that there is a conflict among the authorities whether an employee of an independent contractor can maintain an action against his employer's principal, see 41 Am. Jur. 2d *Independent Contractors* 26 (1968) and Annot., 44 ALR 932, 976 (1924), but since that issue was not raised in the trial court, we have left that issue for future determination.

Appellees also suggest that appellant was negligent in selecting Hutcherson in violation of the contractor's licensing statute, Ark. Stat. Ann. § 71-701 through § 71-724 (Supp. 1975). We find no merit in this contention because the con-

tractor's licensing statute is not applicable to the contract here which involves only an hourly rate of pay and not a gross sum.

Reversed and dismissed.

FOGLEMAN, J., dissents.