Shirley R. COREY and Allen G. Corey, Sr., Individually and as Administrator of the Estate of Allen G. Corey, Jr., Plaintiffs-Appellants,

v.

Charles W. JONES, III, Defendant-Appellee.

No. 80–7257.

United States Court of Appeals, Fifth Circuit. Unit B

July 17, 1981.

Bodenheimer, Busbee & Hickey, John T. Bodenheimer, Aiken, S. C., Nixon, Yow, Waller & Capers, Richard E. Miley, Augusta, Ga., for plaintiffs-appellants.

John Samuel Choate, Jr., William C. Calhoun, Augusta, Ga., for defendant-appellee.

Before JONES, TJOFLAT and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellants appeal from an adverse jury verdict in this wrongful death action. They raise three errors on appeal: (1) that the Georgia Guest Passenger Rule is unconstitutional; (2) that the district court erred in sending the issue of intervening cause to the jury; and (3) that, in any event, the court erred in refusing their instruction on intervening cause. We find no merit in the first two alleged errors but agree with the appellants that the district court erred in

refusing to give their requested instruction. We affirm in part, 484 F.Supp. 616, reverse in part and remand.

## FACTS

The appellants are the parents of Allen G. Corey, Jr., who was killed in an automobile accident in the early morning hours of September 19, 1975, in Statesboro, Georgia. The appellee, Charles W. Jones, III, was the owner and driver of the automobile at the time of the accident. Sometime after 1:00 a. m. on September 19, Charles Jones, Allen Corey, Kay Barnes, Patsey Barnes and James Hensley decided to go for a ride in Jones' automobile. As they proceeded in a southerly direction on Aldred Avenue, an unpaved street with a speed limit of twenty-five miles per hour, the car began to fishtail. The right front wheel struck a manhole located on the left side (wrong side) of the road. The manhole protruded three to four inches above the surface of the road and apparently caused the automobile—already fishtailing—to flip, tossing young Corey from the vehicle and killing him.

Jones admitted that he had been drinking on the night of the accident, but the evidence did not establish that he was legally intoxicated at the time of the accident. The witnesses disagreed as to the speed of the car. Jones testified that he was not exceeding the speed limit but also testified that his recollection of events was minimal due to a head injury received in the accident. James Hensley and Kay Brown testified, without objection, that Jones was driving fast, perhaps as fast as 60 miles per hour. They testified that the car began to skid sideways in the road. Officer Al Hammock testified, from his examination of the skid marks, that the car skidded 206 feet before hitting ·the manhole, and that the skid marks indicated that the car was sliding sideways. Officers Hammock and Anthony Canestra testified without objection that the car was out of control before it hit

the manhole. Officer Canestra also testified, without objection, that in his opinion had the car not hit the manhole it would not have overturned and had it not overturned, no one would have been thrown from the car and killed.

Since Corey was a gratuitous passenger, the district court instructed the jury that in order to recover from Jones, the appellants must show gross negligence on Jones' part. The district court also overruled appellants' motion to strike the defense of intervening cause [1], i. e., that the manhole was the proximate cause of the fatal injuries, and instructed the jury on intervening cause. Appellants also excepted to the content of that instruction. The jury returned a general verdict for appellee, Jones, and this appeal follows.

## DISCUSSION

### I. The Guest Passenger Rule.

■ First, appellants challenge the constitutionality of Georgia's automobile Guest Passenger Rule: a judicial rule which "precludes a nonpaying guest passenger from recovering damages for personal injuries sustained by the ordinary negligence of the owner or operator." *Bickford v. Nolen*, 240 Ga. 255, 257, 240 S.E.2d 24, 26 (1977). It is undisputed that the predicate fact for the application of the rule existed, i. e., that the deceased, Allen Corey, Jr., was a nonpaying passenger in the automobile driven by Jones. The district court instructed the jury that they must find gross negligence on Jones' part in order to hold him liable. Appellants maintain that the rule violates the equal protection clause of the Fourteenth Amendment by creating an irrational distinction between paying and nonpaying passengers. When faced with a similar constitutional challenge to the rule, the Supreme Court of Georgia recently held that the rule was reasonably related to two legitimate purposes of the rule: fostering hospitality among vehicle operator and pas-

---

1. The motion was made at the close of all the evidence. On appeal, appellants have treated the motion as a motion for directed verdict on the issue of intervening cause. Fed.R.Civ.P. 50(a).

sengers and discouraging collusive lawsuits. The court held that the rule was constitutional. *See Bickford v. Nolen, supra.* While we are not necessarily bound by a state court's constitutional interpretations, we reject appellants' challenge because decisions of the United States Supreme Court indicate that the rule is not constitutionally deficient.

In *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929), the Supreme Court upheld the Connecticut Guest Passenger Statute, which is similar to Georgia's rule, against an equal protection challenge. Although the analysis in *Silver* is antiquated and the decision has been subject to criticism by state courts and members of the Supreme Court, it is still the law. More recently, when the Supreme Court was faced with appeals from three state courts challenging similar guest passenger statutes on similar grounds, the Court dismissed the appeals on the ground that they lacked substantial federal questions. *See Hill v. Garner,* 434 U.S. 989, 98 S.Ct. 623, 54 L.Ed.2d 486 (1977) (appeal from the Supreme Court of Oregon); *White v. Hughes,* 423 U.S. 805, 96 S.Ct. 15, 46 L.Ed.2d 26 (1975) (appeal from the Supreme Court of Arkansas); *Cannon v. Oviatt,* 419 U.S. 810, 95 S.Ct. 24, 42 L.Ed.2d 37 (1974) (appeal from the Supreme Court of Oregon). The Supreme Court's summary disposition of appeals is binding as precedent. *See Sidle v. Majors,* 429 U.S. 945, 97 S.Ct. 366, 50 L.Ed.2d 316 (1976) (Brennan, J., dissenting from denial of writ of certiorari); *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). At least two courts of appeal have rejected equal protection challenges to state guest passenger statutes on the basis of the summary disposition in *Cannon v. Oviatt, supra. See Neu v. Grant,* 548 F.2d 281 (10th Cir. 1977) (Wyoming's Guest Passenger law); *Sidle v. Majors,* 536 F.2d 1156 (7th Cir.), *cert. denied,* 429 U.S. 945, 97 S.Ct. 366, 50 L.Ed.2d 316 (1976) (Indiana's statute).

Therefore, until the Supreme Court decides otherwise, we conclude that Georgia's Guest Passenger Rule does not violate the equal protection clause of the Fourteenth Amendment and that the district court properly instructed the jury on the requirements of the rule.

## II. Intervening Cause.

■ Next, appellants claim that the district court erred in not granting their motion for a directed verdict on the question of intervening cause. We have reviewed the evidence, and while it is a close case, we do not believe that the district court erred in sending the issue to the jury. The content of its instruction, however, presents a more difficult question.

The court instructed the jury on intervening cause as follows:

> I instruct you also that if subsequent to an original wrongful or negligent act a new cause has intervened, of itself sufficient to stand as a cause of the misfortune, the former must be considered as too remote. But if the character of the intervening cause claimed to break the connection between the original wrongful act and the subsequent injury was such that it's probable or natural consequences could reasonably have been anticipated by the original wrongdoer, the causual [sic] connection is not broken and the original wrongdoer is responsible for all of the consequences resulting from the intervening cause.

This instruction was apparently taken from the syllabus by the court in *Taylor v. Atlanta Gas Light Co.,* 93 Ga.App. 766, 92 S.E.2d 709 (1956). The plaintiff-appellant's request to charge number 22 contained an additional element:

> In regard to an intervening act of negligence, I charge you that an intervening act of negligence would not relieve the defendant of the consequence of his original act of negligence if the defendant in orginary [sic] prudence, might have foreseen that some injury would result from his act, but it is not necessary that he should have anticipated the particular consequences which ensued.

This request to charge was taken from the text of the court's opinion in *Taylor v.*

*Atlanta Gas Light Co., supra,* 92 S.E.2d at 712. The appellants complain that while the district court's instruction may have been correct as far as it went, it was, nevertheless, an incomplete statement of the law and that it was error to refuse to give their requested instruction. We agree.

The Georgia Court of Appeal's decision in *Taylor v. Atlanta Gas Light Co.* stated the following rule with respect to intervening cause:

> Where such result should in the exercise of ordinary care have been foreseen by an exercise of reasonable diligence, the original act of negligence, as well as the intervening force which, acting upon it, produces injury, is also a part of proximate cause. "It appears that the modern trend of judicial opinion is in favor of eliminating foreseeable consequences as a test of proximate cause, *except where an independent, responsible, intervening cause is involved.*" (Emphasis added.) 38 Am. Jur., Negligence, 709 § 58, quoted in *Blunt v. Spears,* 93 Ga.App. 623, 92 S.E.2d 573. Where such conditions occur, it is sufficient if the defendant, in ordinary prudence, might have foreseen that some injury would result from his act, but it is not necessary that he should have anticipated the particular consequences which ensued.

93 Ga.App. at 769, 92 S.E.2d at 712 (citations omitted).

A similar statement of the Georgia law on the question of intervening cause is also found in *Mullis v. Chaika,* 118 Ga.App. 11, 162 S.E.2d 448 (1968):

> In order that a party be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. Where an act is of a nature calculated to produce a certain injury, the causal connection, if any, between such act and the injury is not necessarily broken by an intervening act which bears a causal relation to the injury.
>
> The mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define the intervening agency as constituting the proximate cause. Where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors. "The chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence." *Bass v. Seaboard Air Line R. Co.,* 205 Ga. 458, 474, 53 S.E.2d 895, 905.

*Id.* at 15, 162 S.E.2d at 451–52 (citations omitted).

█ Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request. The litigant is not, however, entitled to an instruction in the precise language and form requested. The trial judge has wide discretion in the choice of language and form, and the reviewing court will not disturb the instruction provided that it covers the requested instruction in substance. *See Reyes v. Wyeth Laboratories,* 498 F.2d 1264, 1289 (5th Cir.), *cert. denied,* 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974); *Delancey v. Motichek Towing Service, Inc.,* 427 F.2d 897 (5th Cir. 1970).

The evidence in this case strongly supports the inference that the automobile was out of control before it struck the manhole and overturned. Similarly, it is a reasonable inference that a car which is out of control is likely to cause some injury. Officer Canestra even testified, without objection, that had the car not struck the manhole "it would have continued in that direction. It may have ended up in the ditch, because there is sort of a ditch there and it could have caused some kind of damage, but I wouldn't know whether it would result in a death." (Record, vol. II at 108.) We believe that the requested instruction

was a correct statement of the law and was warranted by the evidence.

■ We do not believe that the trial court's instruction, even when read as a whole, sufficiently covered the particular theory contained in the requested instruction. The district court's instruction says in essence that where an intervening cause is reasonably foreseeable by the defendant it will not serve to extinguish the defendant's responsibility for his wrongful act. The instruction is correct, but it is not a comprehensive, all-inclusive statement of the Georgia law relating to "intervening cause." Appellants' requested instruction, derived from the text of *Taylor v. Atlanta Gas Light Co.*—the same case from which the charge as given was taken—articulates the additional theory that where it is foreseeable that the defendant's original wrongful act will by itself cause *some* injury or damage, his responsibility is not extinguished because another wrongful act or omission concurs with his act to produce a greater injury. It is not necessary that he anticipate the precise injury. Accordingly, the judgment of the district court is

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.