**BOARD OF WATER WORKS TRUS-
TEES OF the CITY OF DES
MOINES, IOWA, Appellant,**

v.

**ALVORD, BURDICK & HOWSON and
Dorr-Oliver, Incorporated, Appellees.**

No. 82–2005.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1983.

Decided May 5, 1983.

Rehearing and Rehearing En Banc
Denied June 1 and June 21, 1983.

Bright, Circuit Judge, filed a dissenting
opinion.

C. Carleton Frederici, Steven L. Nelson, Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, Iowa, for appellee Dorr-Oliver, Inc.

W.C. Hoffmann, Steven L. Udelhofen of Jones, Hoffmann & Davison, Des Moines, Iowa, for defendant-appellee, Alvord, Burdick and Howson.

John R. Mackaman, Richard A. Malm, Barbara G. Barrett of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, for plaintiff-appellant.

Before LAY, Chief Judge, BRIGHT and ROSS, Circuit Judges.

LAY, Chief Judge.

In this diversity jurisdiction case the Board of Water Works Trustees of the City of Des Moines (Water Works), a municipal entity, sued for negligence and breach of warranty regarding installation and operation of a water treatment mechanism to be used in its treatment of water supply in the city of Des Moines, Iowa. The jury found for the defendants, Alvord, Burdick & Howson and Dorr-Oliver, Inc., and the district court, the Honorable Donald E. O'Brien presiding, entered judgment accordingly. On appeal, the Water Works has challenged the trial court's refusal to submit certain of the Water Works' proposed instructions, and the court's submission of certain other instructions to the jury. We affirm in part and reverse in part.

*Background.*

The Water Works owns and operates the water treatment and distribution facility providing the water supply to the city of Des Moines, Iowa. For many years the Water Works has added lime to its water supply as part of its water softening treatment. Lime sludge is a waste product of this softening treatment; this litigation stems from the Water Works' attempts to dispose of the lime sludge in the most effi-

cient way. For years the Water Works stored the lime sludge in lagoons on its premises. However, this method ultimately proved to be unsuccessful because of aesthetic problems and the limited availability of space.

The Water Works contacted its consulting engineer, Alvord, Burdick & Howson (ABH), and requested that it conduct a study regarding alternative methods of lime sludge disposal. ABH in turn contacted Dorr-Oliver, an equipment manufacturer with experience in the concentration of sludges. Dorr-Oliver offered ABH a lime sludge concentrator which, Dorr-Oliver told ABH, would "produce an anticipated sludge concentration of approximately 15% or greater."

Dorr-Oliver's concentrator was purchased and installed. However, in operation the concentrator produced a lime sludge concentrate of only six percent solids. The Water Works was not satisfied with the six percent level, but efforts by the three parties to increase the concentration level met with little success. The Water Works eventually suspended operation of the concentrator, and brought an action for negligence against its engineer, ABH, and the manufacturer, Dorr-Oliver. The Water Works also sued Dorr-Oliver for breach of express and implied warranties.

At trial the Water Works attempted to show that it had required of ABH and Dorr-Oliver that the concentrator achieve a level of 15% solids. The defendants countered that it was understood by all three parties that 15% concentration was only an expectation, not a requirement. The jury found that there was no breach of express or implied warranties by Dorr-Oliver, and found for both defendants on the Water Works' negligence claims.

On appeal, the Water Works argues, first, that the trial court erred in failing to instruct the jury that warranties can be created even when there is no direct dealing between the buyer and the seller, and that an express warranty can be created through the use of correspondence between parties. Second, the Water Works argues that the trial court's instruction regarding concurrent negligence was confusing and contained terms which were not defined clearly. Third, the Water Works contends that the trial court erred in its instruction relating to contributory negligence and the alleged reciprocal duties of the parties. We agree with this last contention.

## I. The Warranty Instructions.

The Water Works contends that the trial court erred in refusing to submit to the jury its proposed instructions 11A and 15, which dealt with the creation of a warranty between a seller of goods and a purchaser when there has been no direct dealing between the seller and purchaser.

The parties [1] do not argue that either the district court's instructions or the Water Works' proposed instructions are incorrect statements of law. Rather, the plaintiff argues that the trial court did not adequately inform the jury as to the law applicable to the facts in this case.

The Water Works argues that the court committed reversible error when it refused to give the requested instructions because nothing in the court's instructions indicated to the jury that a warranty can be created through indirect communication, and the parties had agreed in a stipulation that Dorr-Oliver had no direct communication with the Water Works prior to the installation of the concentrator. The plaintiff argues that a party is entitled to a specific instruction on its theory of the case, and that the trial court erred when it rejected the plaintiff's specific instructions and instead submitted a general instruction. *See Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc.*, 364 F.2d 57, 62 (8th Cir.1966); *Chicago & N.W. Ry. Co. v. Green*, 164 F.2d 55, 61 (8th Cir.1947).

In its denial of the plaintiff's motion for a new trial, the district court ruled that although the plaintiff's proposed instruc-

1. The Water Works' breach of warranty claim is directed only to the defendant Dorr-Oliver, therefore, only Dorr-Oliver has responded to this challenge.

tions were correct statements of law, their substance was included in the court's instructions. The district court noted that it refused to give the Water Works' proposed instructions in an effort to avoid repetition in the charge to the jury.[2]

A litigant is entitled under federal rules of procedure to have the jury instructed as to its claims and theories of law if they are legally correct, supported by the evidence, and brought to the court's attention in a timely request. *Corey v. Jones,* 650 F.2d 803, 806 (5th Cir.1981); *see* Fed.R. Civ.P. 51. However, the trial court is not bound to give the party's requested instruction. A district judge has broad discretion in framing the form and language of the charge to the jury, and as long as the entire charge fairly and adequately contains the law applicable to the case, the judgment will not be disturbed on appeal. *Corey v. Jones,* 650 F.2d at 806; *Brown v. Cedar Rapids & Iowa City Railway Co.,* 650 F.2d 159, 165 (8th Cir.1981); *E.I. du Pont de Nemours & Co. v. Berkley & Co.,* 620 F.2d 1247, 1271 (8th Cir.1980); *Chavis v. Finnlines Ltd.,* 576 F.2d 1072, 1084 (4th Cir. 1978); *Bern v. Evans,* 349 F.2d 282, 287–88 (8th Cir.1965); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2552, at 627 (1971).

The trial judge did not abuse his discretion when he rejected the proposed instructions, since the substance of the requests was included in the court's charge to the jury. *Joyce v. Atlantic Richfield Co.,* 651 F.2d 676, 686 (10th Cir.1981); *Beard v. Mitchell,* 604 F.2d 485, 497 (7th Cir.1979);

*Bern v. Evans,* 349 F.2d at 287–88. In the Water Works' requested instruction 11A and in the first two paragraphs of its proposed instruction 15, it sought to instruct the jury that a warranty may be created even though no direct communication existed between the buyer and the seller. The substance of that contention was conveyed to the jury when the court instructed that an express warranty is "*any* affirmation of fact or *any* promise by the seller relating to the goods. . . ." (instruction 17A) (emphasis added). Nowhere in the charge was the jury instructed that in order to create a warranty the seller had to make an affirmation of fact or a promise *directly to the buyer.* The plaintiff also overlooks the court's instruction 22, which read in part:

The first essential of an implied warranty of fitness is that the buyer make known to the seller the purpose for which the goods are required. It is not necessary that there be any specific conversation between the parties with respect to this matter. It may be shown by implication from the facts and circumstances surrounding the transaction, from past transactions, and from the nture [sic] of the goods which are being sold.

The third paragraph of the plaintiff's proposed instruction 15 states the rule enunciated in Iowa Code Ann. § 554.2318 (U.C.C. § 2–318) (West 1967 & Supp.1982), that a seller's warranty extends to any person reasonably expected to use, consume or be affected by the goods and who is injured by breach of the warranty. That contention is included almost verbatim in the court's instruction 31A.[3]

A seller's warranty, whether express or implied, extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty.

In this case, there is evidence that the sludge concentrator was sold by defendant Dorr-Oliver to Control Sales, a manufacturer's representative, who sold it to Brieholz Construction, who installed it. You are instructed that such warranties as attached to such sales, if any, are not affected by the intervening transfer of title and that the seller's warranties as made by Dorr-Oliver are not affected.

---

**2.** In the first paragraph of instruction 17A, the court instructed the jury:

The law defines an express warranty as any affirmation of fact or any promise by the seller relating to the goods if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty.

**3.** Instruction 31A provided:

We find no error in the court's refusal to give the Water Works' proposed instructions 11A and 15.

## II. *The Concurrent Negligence Instruction.*

■ The Water Works argues that the trial court erred in submitting the instruction on concurrent negligence to the jury, because it was confusing and contained terms not defined and not understood by the average juror. We find that the Water Works has failed to preserve this issue for appeal, since the record indicates that the plaintiff did not object specifically to the instruction before the jury began its deliberations.

Under Fed.R.Civ.P. 51, a party may assign as error the giving of an instruction only when "he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." *Id.* The Water Works made no such objection, and "[e]rror in the instructions not properly objected to is waived unless the error is plain error in the sense that a miscarriage of justice would ... result" if the challenged instruction and the verdict are allowed to stand. *Rowe International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830, 835 (8th Cir. 1981); *see also Mid-America Food Service, Inc. v. ARA Services, Inc.,* 578 F.2d 691, 695–96 (8th Cir.1978); 9 C. Wright & A. Miller, *supra,* § 2558 at 672. "The plain error exception to compliance with Rule 51 is narrow and confined to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings." *Rowe International,*

*Inc. v. J–B Enterprises, Inc.,* 647 F.2d at 835; *see also Wright v. Farmers Co-op,* 620 F.2d 694, 699 (8th Cir.1980); 9 C. Wright & A. Miller, *supra,* § 2558 at 675.

The Water Works contends on appeal that the terms "concurring negligence," "jointly and severally liable," and "tort feasors" are not present in the vocabulary of lay persons, and therefore should have been defined by the trial court in the jury instructions, but were not.

■ In denying the plaintiff's motion for a new trial, the district court held that these terms were capable of being understood by the average juror. Whether or not this is so, the better practice is for the court to explain such terms to jurors when the possibility for confusion exists. However, in this case the district judge was not alerted to the plaintiff's concern regarding the possibility for confusion. We find that inclusion of the instruction by the district court was not plain error.

## III. *The "Reciprocal Duty" Instruction.*

The Water Works challenges as error the trial court's instruction 41 relating to negligence and contributory negligence. The plaintiff requested an instruction dealing with the rights and duties of each party regarding the Water Works' alleged contributory negligence.[4] The Water Works contends that the trial court erred when it reworked the proposed instruction to make the instruction "reciprocal" as to both negligence and contributory negligence.

The court's instruction stated:

Each defendant contends plaintiff was contributorily negligent and that such contributory negligence bars the plaintiff

---

4. The Water Works requested the following instruction on contributory negligence:

Each defendant contends Plaintiff was contributorily negligent and that such contributory negligence bars it from recovery.

Contributory negligence cannot be imputed to a plaintiff for failing to anticipate the negligent acts of a defendant.

In determining whether Plaintiff was contributorily negligent, you must consider what in the way of legal duty the Plaintiff had a right to expect of each defendant. One to whom a duty of care is owed has the right to

assume that it will be performed. If you find that Plaintiff relied on a duty of care owed to it by the defendants, and thereby omitted to take active precautionary measures to protect itself, such reliance does not constitute contributory negligence. Similarly, if you find that Plaintiff reasonably relied on representations made to it by defendants and thereby omitted to take active precautionary measures to protect itself, such reliance does not constitute contributory negligence.

Plaintiff's proposed instruction 28A.

from recovery. Plaintiff contends each defendant was negligent.

A party cannot be found negligent because it failed to anticipate the negligent acts of another party.

In determining whether a party was negligent, you must first consider what duty that party had a right to expect of each other party. One to whom a duty of care is owed has the right to assume that it will be performed unless the circumstances should warn him to the contrary. Instruction 41.

■ We agree with the Water Works that the trial court erred when it submitted instruction 41 to the jury. In the second paragraph of the instruction, we find the trial court misstated the law regarding the reciprocal duty of each party to anticipate the negligence of another party. The trial court compounded that error when it attempted to equate the duties regarding negligence with those regarding contributory negligence.[5]

■ The contributory negligence of a plaintiff is determined by the same tests and rules as the negligence of a defendant, *i.e.,* both concepts involve standards of conduct defined in terms of the reasonable person of ordinary prudence in like circumstances. But the respective duties underlying the two concepts are not the same. Negligence relates to conduct which creates an unreasonable risk of harm to *others.* Contributory negligence involves conduct which creates an unreasonable risk of harm to one's self or one's own interests. 2 F. Harper & F. James, *The Law of Torts*

§ 22.10, at 1227 (1956); W. Prosser, *Handbook of the Law of Torts* § 65, at 418 (4th ed. 1971). Therefore, the application of the "reasonable person" test yields differing results depending on the party and the corresponding duty involved.

■ The trial court erred when it instructed the jury as a matter of law that "[a] party cannot be found negligent because it failed to anticipate the negligent acts of another party." Even in a general sense, this is not a correct statement of law. Whether a person is negligent for failing to anticipate the negligence of others is to be determined by the application of the reasonable person test, *i.e.,* whether a reasonable person of ordinary prudence in like circumstances would have taken precautions against the negligence of another. As Dean Prosser observed:

> [T]he hypothetical reasonable man ... is required to realize that there will be a certain amount of negligence in the world. In general, where the risk is relatively slight, he is free to proceed upon the assumption that other people will exercise proper care.... But when the risk becomes a serious one, either because the threatened harm is great, or because there is an especial likelihood that it will occur, reasonable care may demand precautions against "that occasional negligence which is one of the ordinary incidents of human life and therefore to be anticipated."

W. Prosser, *supra,* § 33 at 170–71.[6]

*See also* Restatement (Second) of Torts §§ 302(b), 302A & comment c (1965).

---

**5.** We treat instruction 41 as if it were intended to cover both contributory negligence and negligence. The Water Works correctly observes the last two paragraphs can reasonably be construed to apply only to a defendant charged with negligence. As we discuss, this would be clearly wrong.

**6.** A defendant who owes a duty of care to another is often required to anticipate that the other will be negligent, and the defendant often has a duty to take precautions against the negligence of the other. Thus, an owner of land is required to anticipate that careless children will climb an unguarded silo located on the owner's property; *Cargill, Inc. v. Zimmer,* 374

F.2d 924, 930–32 (8th Cir.1967). A storekeeper is negligent if he fails to anticipate that a shopper will be looking at the merchandise on the shelves and not at the floor in front of him, and will trip over an obstacle placed in the aisle of the store; *Schuller v. Hy-Vee Food Stores, Inc.,* 328 N.W.2d 328, 332 (Iowa 1982). A manufacturer may be negligent if he fails to anticipate a foreseeable misuse of a product by the consumer, and injuries result from the foreseeable misuse; *e.g., Hoppe v. Midwest Conveyor Co.,* 485 F.2d 1196, 1200 (8th Cir.1973); *Hasson v. Ford Motor Co.,* 19 Cal.3d 530, 551, 564 P.2d 857, 870, 138 Cal.Rptr. 705, 718 (1977); 2 F. Harper & F. James, *supra,* § 28.4 at 1541.

Therefore, a person has a right to expect that others will exercise due care, but he may so expect only as long as it is reasonable to do so. It is incorrect to state as a matter of law that a person is not negligent for failing to anticipate the negligence of another.

■ The error becomes prejudicial to the Water Works when considered along with the error committed in the third paragraph of instruction 41. The court told the jury that it was to consider what duty a party had a right to expect of another party, and then instructed the jury that "[o]ne to whom a duty of care is owed has the right to assume that it will be performed unless the circumstances should warn him to the contrary." But nowhere in the instructions did the court inform the jury that, although the defendants owed the plaintiff a duty to avoid creating an unreasonable risk of harm to the plaintiff, the plaintiff did not owe the same duty of care to the defendants. The plaintiff only had an obligation to use due care to protect itself and its interests from an unreasonable risk of harm.[7] When the trial court failed to instruct the jury as to the nature of the Water Works' obligations, and then instructed the jury regarding "[o]ne to whom a duty of care is owed" without defining the party or parties to whom the duty of care was owed, the court left the jury to speculate as to whether the Water Works

owed a duty of care to the defendants, and as to what the Water Works was required to do to satisfy that duty. The Water Works owed no duty of care to the defendants; it only had an obligation to protect itself.[8] On the other hand, a plaintiff to whom a duty of care is owed generally has the right to assume that a defendant who owes him the duty of care will not be negligent, unless circumstances should warn the plaintiff to the contrary. 2 F. Harper & F. James, *supra,* § 22.10 at 1229–30. *See also Schuller v. Hy-Vee Food Stores, Inc.,* 328 N.W.2d at 332; *Jorgensen v. Horton,* 206 N.W.2d 100, 105 (Iowa 1973); *Conrad v. Board of Supervisors of Lee County,* 199 N.W.2d 139, 144 (Iowa 1972); *Christianson v. Kramer,* 255 Iowa 239, 248, 122 N.W.2d 283, 288–89 (1963); *Jones v. O'Bryon,* 254 Iowa 31, 37, 116 N.W.2d 461, 464–65 (1962); *Tucker v. Tolerton & Warfield Co.,* 249 Iowa 405, 410, 86 N.W.2d 822, 826 (1957); *Flattery v. Goode,* 240 Iowa 973, 977–78, 38 N.W.2d 668, 670–71 (1949); *Stafford v. Gowing,* 236 Iowa 171, 178, 18 N.W.2d 156, 159 (1945); *Webber v. E.K. Larimer Hardware Co.,* 234 Iowa 1381, 1384–85, 15 N.W.2d 286, 288 (1944); *Coonley v. Lowden,* 234 Iowa 731, 737, 12 N.W.2d 870, 875 (1944); *LaSell v. Tri-States Theatre Corp.,* 233 Iowa 929, 956–58, 11 N.W.2d 36, 49–50 (1943).

■ The trial court instructed the jury that ABH, the engineer, "was bound to

7. "Contributory negligence involves no duty, unless we are to be so ingenious as to say that the plaintiff is under an obligation to protect the defendant against liability for the consequences of his own negligence." W. Prosser, *supra,* § 65 at 418.

8. The Supreme Court of Connecticut illustrated the distinction between a defendant who owes a duty of care to another, and a plaintiff to whom that duty of care is owed but who "owes" a duty of care only to himself:

Generally speaking, one to whom the duty of due care is owing has a right to assume that it will be performed, in the absence of circumstances indicating the contrary, and may excuse himself "for an omission to take active measures, such as looking, listening, and making inspection[s], by proof that the defendant owed to him a duty of care, and that he relied upon the performance thereof." 57 Am.Jur.2d [737–38], Negligence, § 334; see

*Zoccali v. Carfi,* 128 Conn. 168, 171, 20 A.2d 728; *Smith v. S.S. Kresge Co.,* 116 Conn. 706, 707, 164 A. 206; *Florez v. Groom Development Co.,* 53 Cal.2d 347, 358, 1 Cal.Rptr. 840, 348 P.2d 200. The plaintiff in the case at bar was bound to exercise only that amount of care which an ordinarily prudent person would exercise. If such a person would have been aware of a dangerous condition, then, of course, the plaintiff would be chargeable with such awareness. He would not, however, have to be "alert to discover" defects. He could go about his business as an ordinarily prudent person would. In short, he had no threshold duty to inspect or to be particularly alert. Only if he were confronted with an obviously dangerous situation would he be required to take special precautions. *Darling v. Burrone Bros., Inc.,* 162 Conn. 187, 198, 292 A.2d 912, 919 (1972).

furnish design and specifications prepared with a reasonable degree of technical skill, and such as would produce, if followed and adhered to, a facility of the kind called for, without marked defects in character." (Instruction 36). Similarly, the court instructed the jury that Dorr-Oliver, the manufacturer, had "a duty to design, manufacture and assemble a product which is reasonably suitable and adequate for the purpose for which it is intended." (*Id.*) The Water Works argues that it fulfilled its obligation to use due care to protect itself and its interests when it engaged the services of a trusted engineering firm that had performed satisfactorily for the Water Works in the past.[9] We agree. But the error here was that the jury was allowed to speculate to the contrary; when the trial court instructed the jury that "[o]ne to whom a duty of care is owed has the right to assume that it will be performed unless the circumstances should warn him to the contrary," the court failed to instruct the jury as to which party owed a duty of due care, to whom the duty was owed, and the nature of the duty. The context of the entire instruction strongly implied that the court was discussing generally the duties of the plaintiff toward the defendants as well as the duties of the latter toward the Water Works.

The trial court reasoned that its other instructions clarified which party was owed a legal duty. We must respectfully disagree. As previously indicated, the trial court erred when it attempted to make the duties regarding contributory negligence reciprocal with the duties regarding negligence. The prejudice to the plaintiff flowing from instruction 41 was magnified when the trial court told the jury in instruction 42:

The defendants assert the plaintiff was negligent in the following particulars:

a) In failing to take field tests of the chemical and settling characteristics of the plaintiff's lime sludge prior to the design and construction of the lime sludge concentrator.

b) In failing to notify the defendants that the concentrator system had to produce a fifteen percent concentration in order to satisfy the plaintiff.

c) In failing to include a process guarantee in the plans and specifications for the project if plaintiff wished to have a process guaranteed.

d) In purportedly abdicating to Dorr-Oliver its responsibility as to the design of the lime sludge concentrator.

e) In failing to avail itself of information, knowledge and expertise of its trustees, employees and agents in the design, purchase and construction of the concentrator system and its component parts.

f) In failing to read and fully understand the plans and specifications prepared for the project.

g) In failing to operate the water treatment facility according to design.

h) In failing to exercise due care in the circumstances.

In the context of this case, assertions (a) through (f) set forth "duties" to the defendants which the Water Works did not owe. The Water Works argues as much on appeal. However, for reasons we do not know, it failed to challenge this instruction at the trial. We need not decide whether instruction 42 constitutes plain error, since we have found that instruction 41, creating "reciprocal" duties, was erroneous and resulted in prejudice to the Water Works. Nevertheless, we emphasize that instruction 42 improperly magnified the prejudice that flowed from the "reciprocal" instruction. The jury could have concluded that the plaintiff's duties instructed upon in instruction 41 included the allegations set forth in instruction 42. However, assertions (a)

---

**9.** In *Western Arkansas Telephone Co. v. Cotton,* 259 Ark. 216, 532 S.W.2d 424 (1976), the court noted:

[W]here the independent contractor is in fact a competent person to perform the work, it is of no consequence whether or not due care was used in the selection. The fact that a contractor is negligent in respect of the work in question raises no presumption that the employer was guilty of negligence in employing him.

*Id.* at 218, 532 S.W.2d at 426.

through (f) did not constitute contributory negligence, even if proven. Once the plaintiff contracted with the defendants to design and construct the concentrator system, it should be obvious the duties outlined in these assertions did not rest on the Water Works.

Thus, we conclude that the trial court erred in instructing the jury as a matter of law that a party is not negligent for failing to anticipate the negligence of another and that the duties owed by the parties were reciprocal, thereby implying that the plaintiff owed the defendants affirmative duties in fact not owed by the plaintiff.

*Conclusion.*

We affirm the judgment on the verdict finding Dorr-Oliver was not liable for breach of warranty. However, because the trial court erred in instructing the jury on contributory negligence, the trial court's judgment on the negligence count is vacated and the case is remanded for a new trial against both defendants.

BRIGHT, Circuit Judge, dissenting.

I dissent. Although I agree with the court's determination that the trial court improperly submitted instruction 41 to the jury, I believe that the erroneous instruction, when read in conjunction with all of the other jury instructions, did not prejudice the Water Works.

The jury instructions properly set out all the elements that the Water Works needed to prove in order to recover from either or both defendants on a negligence theory. (Instruction 32). The court properly defined negligence as, "the failure to use ordinary care under the circumstances in the management of one's person or property, or of agencies under one's control." (Instruction 33). Moreover, the court properly defined "ordinary care" as, "that care which a reasonably prudent person would exercise in the management of his own affairs, in order to avoid injury to himself or his property, or the persons or property of others." (Instruction 36). Finally, in instruction 42, to which the Water Works does not assign error, the trial court properly instructed the

jury that, "the law of Iowa provides that if a person who has been injured or damaged was himself negligent and such negligence was a proximate cause of his injury or damage, then he cannot recover from another." The court also instructed the jury that the burden of proving contributory negligence rested upon the defendant.

Instruction 41 did not, in itself, allocate duties to the parties. When read in the context of the other instructions, I do not believe that instruction 41 prejudiced the Water Works. Accordingly, I dissent from section III of the court's opinion discussing instruction 41. I would affirm the judgment of the district court.