ARKANSAS POOLS, INC. *v.* Helen BEAVERS

83-213                                661 S.W.2d 395

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Barrett, Wheatley, Smith & Deacon*, for appellant.

*Lambert & Brown*, by: *Stewart K. Lambert*, for appellee.

RICHARD B. ADKISSON, Chief Justice. On July 11, 1981, appellee, Helen Beavers, purchased a pool from appellant, Arkansas Pools, Inc., who contracted with David Watkins to actually build the pool. On July 22, 1981, when the pool was almost completed, appellee attempted to use the pool by placing a wooden stepladder near the shallow end to climb into the pool. While climbing the ladder, appellee attempted to grip a metal plate that had not been bolted down. The plate slid sideways and appellee was thrown on her back causing injury to her back and head.

Appellant brought suit for the purchase price of the swimming pool and was granted a directed verdict on this issue in the amount of $3,659.96 from which there is no appeal. Appellee counterclaimed for personal injuries sustained during the use of the pool, contending that the pool was negligently constructed and/or designed. The trial court granted a directed verdict against the appellee on the issue of negligent design; subsequently, the jury found that the pool had been constructed by an independent contractor and that appellant was negligent in its selection of the contractor. Appellant had objected to the instruction on negligent selection of a contractor because of lack of pleading or proof on this issue. On appeal we agree with appellant that there was insufficient evidence from which

the jury could have found that appellant negligently selected the independent contractor.

Generally, an employer may be held liable for the conduct of a careless, reckless, or incompetent independent contractor when the employer was negligent in hiring the contractor. *Ozan Lumber Co.* v. *McNeely,* 214 Ark. 657, 217 S.W.2d 341 (1979). The burden of proof is upon the party alleging negligence to prove the employer either knew or should have known of the incompetency of the independent contractor. *Newton & Fitzgerald* v. *Clark,* 266 Ark. 237, 582 S.W.2d 955 (1979). It is not enough, however, to prove that the work of the independent contractor was negligently performed since no presumption arises as to the negligence of the employer as a result of negligence of the independent contractor. No evidence was presented that Arkansas Pools, Inc. had any reason to believe that the independent contractor was incapable of adequate performance at the time the contract was executed. Even appellee stated that she had bought the pool from appellant because she had heard it was "a good place to buy from," indicating that appellant and its independent contractor had a good reputation within the community.

Furthermore, this Court has held that an employer who has had previous successful experience with an independent contractor in the performance of his work cannot be held liable on the theory of negligent selection. *Western Ark. Telephone Co.* v. *Cotton,* 259 Ark. 216, 532 S.W.2d 424 (1976); see also *Wright* v. *Newman,* 539 F.Supp. 1331 (1982). Here the uncontradicted testimony was that this contractor had been used by appellant on numerous occasions. There was no proof that the employer had had anything other than successful prior experiences with the contractor.

There being no evidence to warrant the submission of the case to the jury on the question of negligent selection of an independent contractor, we reverse and remand.