**Dale N. WISE, Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, A Corporation, Appellee.**

No. 86–1913.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1987.

Decided April 2, 1987.

John P. Inserra, Omaha, Neb., for appellant.

Harold W. Kay, North Platte, Neb., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Dale N. Wise appeals from a final judgment entered on a jury verdict by the District Court for the District of Nebraska [1] in an action brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq.* Wise brought this action against his employer, Union Pacific Railroad Co. (the railroad), to recover damages for workplace injuries. Wise claimed the railroad had been negligent in maintaining the workplace and the railroad raised a defense of contributory negligence. The jury returned a verdict in favor of the railroad and the district court entered final judgment on that verdict. This appeal followed.

On appeal, Wise contends the district court erred in (1) submitting the issue of contributory negligence to the jury and (2) failing to give a requested jury instruction on the effect of the settlement of an earlier injury claim. For the reasons stated below, we affirm the judgment of the district court.

Wise worked at the Bailey Yards in North Platte, Nebraska (the yards). There were several disconnected switches in the yards that had not been used for years. Wise was aware of the switches; he had several times complained at employee safety meetings that the switches could not be seen at night. The switches are black and, when their flags are raised, stand about two feet off the ground.

On February 5, 1985, Wise was working his regular midnight to 8:00 a.m. shift at the yards. It had snowed on and off throughout that night and about six inches had accumulated on the ground. Wise climbed to the top of a locomotive unit to make electrical connections. He then began to climb down a ladder on the north side of the unit to plug in some cables.

Wise testified that immediately before he mounted the ladder, he shone his flashlight on the ground below, but saw only snow on the ground. Wise said he then stuck the flashlight into the loop of his coveralls and climbed down the ladder, facing the ladder

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

and holding onto it with both hands as he descended. He testified he did not look down at the ground as he climbed, nor when he stepped off the ladder. As Wise stepped off the bottom rung of the ladder, he stepped onto a disconnected switch, lost his footing and fell. He claimed to have injured his back and knee in the fall.

The railroad alleged at trial that Wise had been negligent in failing to look down at the ground as he stepped off the bottom rung of the ladder. The district court instructed the jury on the theory of contributory negligence. Wise contends in this appeal that the district court erred in instructing the jury on contributory negligence because there was no evidence presented at trial to support such an instruction.

■ A defendant in a FELA case is entitled to an instruction on contributory negligence if there is "any evidence to support that theory." *Meyers v. Union Pacific R.R.*, 738 F.2d 328, 331 (8th Cir.1984).[2] The burden of proving the affirmative defense of contributory negligence is on the employer. *Borough v. Duluth, Missabe & Iron Range Ry.*, 762 F.2d 66, 69 (8th Cir. 1985).

In addition to the claim that Wise should have looked at the ground as he stepped off the ladder, the railroad presented other evidence relevant to its defense of contributory negligence. First, there was testimony that at the time of the accident, Wise was wearing western boots, not safety boots. Second, Wise's foreman testified that when he approached the scene of the accident, he could "see [the switch] okay." Third, the switch was described as being located 18–24 inches east of the ladder, not directly below it. Finally, although the ground below the ladder was covered with snow, there was evidence that the switch was not covered with snow.

Wise seeks to refute the contention that he was negligent in failing to look down at the ground as he stepped off the ladder by pointing to the railroad's Safety Rule 4050, which reads:

Employees must face ladders or steps when boarding or alighting from engines and cars. Must have secure hand hold on grab irons and must not encumber hands with tools or material.

Wise believes he fully complied with Rule 4050. He argues that if he had used his flashlight to look down while descending the ladder, he would have violated the rule. He further argues that even if he had used his flashlight as he descended, he would not have seen anything because the area below the ladder was too dark.

■ There is no factual dispute about the way that Wise climbed down and stepped off the ladder. Wise faced the ladder and held on with both hands while climbing down. He did not look at the ground as he descended or as he stepped off the bottom rung of the ladder. In our view, this evidence states a submissible case of contributory negligence. A plaintiff is contributorily negligent if he or she has failed to exercise due care, which is measured by the standard of care expected of a reasonable person. Due care, therefore, may or may not be fully defined by relevant safety rules. A reasonable person may fully comply with rules established by an employer to promote safety at the workplace and, under a reasonableness standard, still be expected to take other precautions in performing work duties. Under the facts of this case, Wise's compliance with the railroad's safety rules does not establish, as a matter of law, that he was free from negligence. In the present case, there was evidence presented from which the jury could reasonably conclude that Wise did not exercise due care. Thus, the railroad was entitled to have this theory submitted to the jury. We hold the district court did not err in giving a jury instruction on contributory negligence.

■ Wise also contends the district court erred in refusing a requested jury instruction on the effect of the settlement of an earlier injury claim. In 1980, Wise settled a claim against the railroad for injuries to

---

**2.** Under the Federal Employers' Liability Act, contributory negligence does not bar recovery, but diminishes the damages that may be recovered. 45 U.S.C. § 53.

his back and right knee. Wise claimed in the present action that his fall from the ladder aggravated these preexisting injuries. During the instruction conference, Wise's attorney requested that the jury be instructed that the settlement for $45,000 of the earlier claim could not be considered as a credit against damages in the present case:

> I think the jury should be instructed as to what effect [the earlier settlement] has on this present case in that if there was a new accident and it was the result of the railroad's negligence that aggravated his condition or caused a new condition that [Wise] would be entitled to recover for this new situation.

The district court refused the requested instruction on the ground that its substance was included in another instruction, which read:

> There is evidence that [Wise] had a preexisting injury or condition in his right knee and back which existed prior to February 5, 1985. The railroad is only liable for any pain or disability which you find to be caused by the occurrence of February 5, 1985. If you cannot separate the pain or disability caused by the preexisting conditions from that caused by the occurrence of February 5, 1985, then the [railroad] is liable for all of that particular pain or disability.

In this appeal, Wise argues that without an explicit explanation of the effect of the earlier settlement, the jury could have erroneously concluded that he had already been fully compensated for present injuries. Wise argues further that while the instruction the district court submitted to the jury explains that he is entitled to compensation for any aggravation of a preexisting injury, it does not clarify that the earlier settlement could not be applied as a credit against damages for that aggravation.

A charge to the jury is proper if it adequately and correctly covers the substance of the requested instruction and is fair to both parties. *Board of Water Works Trustees v. Alvord, Burdick & Howson,* 706 F.2d 820, 823 (8th Cir.1983). A litigant is entitled to have the jury instructed as to its claims and theories of law if they are legally correct, supported by the evidence and are brought to the court's attention in a timely request. *Id.* A district court has broad discretion in framing the form and language of jury instructions. *Id.*

We conclude the instruction given by the district court in the present case covers the substance of the requested instruction. The jury was instructed that Wise was entitled to recover for any aggravation to a preexisting injury. It was clear from this instruction that the settlement payment in 1980 did not compensate for any aggravation of the earlier injuries shown to have resulted from the 1985 accident. No additional instruction was needed to prevent the jury from being misled. We therefore hold the district court did not err in failing to give the requested instruction.

Affirmed.