# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3126

_____

Joseph A. Hall

*Plaintiff - Appellant*

v.

BNSF Railway Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri- Kansas City

_____

Submitted: November 14, 2019
Filed: May 1, 2020

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Joseph Hall appeals the district court's[1] denial of his motion for a new trial. He argues the court abused its discretion by refusing to provide the jury with a specific damages instruction. We find no abuse of discretion and affirm.

---

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Hall suffered a shoulder injury when he fell on a defective train crossover platform. He sued BNSF Railway Company for violating the Safety Appliance Act and sought damages under the Federal Employers' Liability Act (FELA). Before trial, Hall and BNSF proposed an identical, generic damages instruction based on Eighth Circuit Manual of Model Jury Instructions 15.70. Later, Hall submitted a new, more specific proposal instructing the jury that it could consider damages arising from Hall's pain and mental suffering, future pain and suffering, and lost earnings. This more specific instruction was based on Model Instruction 15.70's optional list of damages.

The district court rejected Hall's more specific instruction because it did "not believe that the evidence [was] sufficient to support a claim of future damages." July 11 Tr., D. Ct. Dkt. 117 at 304:6–9. Hall countered that the evidence at least showed both wage losses and pain and suffering, *id.* at 304:14–17, and he requested that the court "use the bullet points in the [proposed] instruction so the jury understands that they're appropriately presented to them for consideration, even though its not future [damages]," *id.* at 304:14–22. The court also rejected this suggestion and submitted the initial generic instruction to the jury. Final Instruction No. 13 permitted the jury to award Hall an amount that "will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained as a direct result of the occurrence mentioned in evidence." D. Ct. Dkt. 105 at 19. The jury awarded Hall $35,000—an amount similar to his claim for lost wages. On appeal, Hall argues he was entitled to the more specific jury instruction.

Typically, we review jury instructions for an abuse of discretion. *Retz v. Seaton*, 741 F.3d 913, 919 (8th Cir. 2014). BNSF contends plain error review applies because Hall failed to provide *another* proposed instruction after the court rejected his more specific instruction. We disagree. Hall preserved his objection when he asked the court to use some of the bullet points for categories of available damages

after it rejected his specific damages instruction. *See Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1104 (8th Cir. 1996). As a result, we will review for an abuse of discretion.

"A district court possesses broad discretion in instructing the jury, and jury instructions do not need to be technically perfect or even a model of clarity." *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 744 (8th Cir. 2010) (citation omitted). Our review is "limited to determining whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and accurately submitted the issues to the jury." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 461 (8th Cir. 2016) (citation omitted). "There is no abuse of discretion in denying a party's requested instruction if the instructions actually given by the trial court adequately and correctly cover the substance of the requested instruction." *Retz*, 741 F.3d at 919 (cleaned up). Finally, we will reverse only if "we find that the [instructional] error affected the substantial rights of the parties." *Phillips v. Collings*, 256 F.3d 843, 851 (8th Cir. 2001).

Hall argues that he was entitled to the more specific damages instruction because in *Chicago & N.W. Railway Company v. Green*, 164 F.2d 55, 61 (8th Cir. 1947), we held that if the evidence is sufficient to support a party's theory of the case, he is entitled a "specific instruction" on that theory. Hall misreads *Green*, which involved the defendant's "theory of the accident." *Id*. Here, the instructions permitted Hall to present his theory of the case—that BNSF breached a duty it owed to him causing his shoulder injury.

Instruction No. 13 only dealt with damages and directed the jury to award Hall "any damages [they] find [Hall] sustained." D. Ct. Dkt. 105 at 19. We restate the obvious: the jury could award *any damages* to compensate Hall's injuries under FELA. As our model jury instructions state, the "list of [specific] damages is *optional* and is intended to include those items of damage for which recovery is commonly

-3-

sought in the ordinary F.E.L.A. case." *Eighth Circuit Manual of Model Jury Instructions* 15.70 (2017) (emphasis added). A district court does not abuse its broad discretion when it refuses to instruct on specific subsets of damages—especially when the jury is instructed to award recovery for any damages. *See Bd. of Water Works Tr. of Des Moines v. Alvord, Burdick & Howson*, 706 F.2d 820, 823 (8th Cir. 1983) ("[T]he trial court is not bound to give the party's requested instruction.").

In any case, the generic instruction did not impact Hall's substantial rights. The district court invited Hall to argue each category of damages in closing. Hall told the jury that it should "keep in mind that there are other elements of damages that [it] should consider, including any pain and suffering, [and] disability [he] has from the time of the incident until his testimony." July 11 Tr., D. Ct. Dkt. 117 at 331:3–7. He then recounted all the evidence he believed supported those damages. After hearing that evidence, Instruction No. 13 permitted the jury to consider the full range of his alleged damages, including future damages.

We affirm the district court's denial of Hall's motion for a new trial.

_____